# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**DIANA MEY**, individually and on
behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

v.                                                                            CIVIL ACTION NO. 5:17-CV-179
                                                                                                                                                       (BAILEY)

**DIRECTV**, **LLC**, **ADAM COX**,
**AC1 COMMUNICATIONS**, **IQ**
**MARKETING 2**, **CORP.**, d/b/a
Pacificom, and **MICHAEL ASGHARI**,

      Defendants.

## ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

Presently pending before this Court is defendants' Adam Cox and AC1 Communications (collectively "the moving defendants") Motion to Stay Proceedings Pending Appeal and Supporting Memorandum of Law [Doc. 40], filed June 7, 2018. Therein, the moving defendants "move this Court for an order staying the above-captioned civil action in its entirety pending the resolution of Defendant DIRECTV, LLC's ('DIRECTV') appeal to the United States Court of Appeals for the Fourth Circuit of this Court's April 25, 2018[,] Order (ECF No. 28) denying DIRECTV, LLC's Motion to Compel Arbitration and to Stay Litigation (ECF No. 15)" [Doc. 40 at 1]. In sum, the moving defendants argue the following:

> DIRECTV's appeal of this Court's April 25, 2018[,] Order (ECF No. 28) regarding arbitrability of Plaintiff's claims requires a stay of all proceedings in this matter pending resolution of the appeal. The United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") has plainly held that an appeal on the issue of arbitrability automatically divests the district court of

> jurisdiction over the underlying claims. Even where the underlying proceedings would involve only the continuation of discovery, as is the case here, permitting discovery constitutes permitting the continuation of the litigation, over which this court currently lacks jurisdiction. Therefore, these Defendants respectfully request that this Court enter an order staying all proceedings in this matter pending a decision from the Fourth Circuit as to DIRECTV's appeal.

[Id. at 1–2].

Plaintiff, in sum, responds as follows:

> Defendant DirecTV moved to compel arbitration of the Plaintiff's claims, which the Court denied. DirecTV is appealing the Court's order and so is entitled to a stay of the "aspects of the case involved in the appeal." Defendants AC1 Communications and Adam Cox, however, never moved to compel arbitration—nor could they have, the claims against them are not subject to arbitration. They are not parties to the appeal, and no matter how the Fourth Circuit rules on DirecTV's case, the claims against AC1 and Cox will go forward in this Court. Nonetheless, Cox and AC1 now seek to take advantage of DirecTV's appeal to obtain a stay of their own. But there is no legal basis for extending the stay to Cox and AC1 and doing so would visit substantial prejudice upon the Plaintiff, who must obtain critical yet ephemeral calling records as soon as possible. Accordingly, Cox and AC1's motion should be denied.

[Doc. 43 at 1]. The moving defendants reply that the stay should apply to the entire action, not just individual parties; that plaintiff's arguments concerning whether the claims asserted against the moving defendants are arbitrable are irrelevant; and that plaintiff will not suffer any prejudice from a temporary stay in discovery [Doc. 45].

This Court agrees with plaintiff. As both parties acknowledge, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*." **Griggs v. Provident Consumer Disc. Co.**, 459 U.S. 56, 58 (1982) (emphasis added). However, for the reasons described by plaintiff below, the issue before the Fourth Circuit—whether the claims against

DirecTV are arbitrable—has no impact, at least not at this juncture, on the claims against AC1 and Cox. As plaintiff points out:

> AC1 and Cox have nothing to do with DirecTV's appeal, and as such, the claims against them are not "aspects of the case involved in the appeal." **Griggs** at 58. AC1 and Cox do not appear anywhere in DirecTV's Motion to Compel Arbitration, this Court's order denying that motion, or in DirecTV's subsequent Notice of Appeal. ECF Nos. 15, 28, 29. Moreover, the narrow legal issue to be decided on appeal—whether the claims against DirecTV are arbitrable—has no impact on AC1 and Cox. Even if DirecTV's appeal is successful, whether the claims against AC1 and Cox are arbitrable would remain unanswered. Being excluded from DirecTV's motions and this Court's orders, AC1 and Cox must make their own motion to compel arbitration. They failed to do so. AC1 and Cox should not be allowed to avail themselves of the limited stay afforded DirecTV.

[Doc. 43 at 3].

The purpose of divesting a trial court of jurisdiction over those aspects of the case involved in the appeal is to "prevent a trial court and an appellate court from considering the same issues simultaneously." **Crutchfield v. United States Army Corps of Eng'rs**, 230 F.Supp.2d 673, 679 (E.D. Va. 2002) (citing **Fobian v. Storage Tech. Corp.**, 164 F.3d 887 (4th Cir. 1999)). No such risk exists here, as the narrow question before the Fourth Circuit is not simultaneously before this Court, nor are there any issues before this Court that are also before the Fourth Circuit.

Accordingly, for the reasons stated above, this Court hereby **DENIES** the moving defendants' Motion to Stay Proceedings Pending Appeal and Supporting Memorandum of Law **[Doc. 40]**. However, the claims against defendant DirecTV are hereby **STAYED** pending the Fourth Circuit's resolution of DirecTV's appeal.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 25, 2018.

                                                                                              JOHN PRESTON BAILEY
                                                                                              UNITED STATES DISTRICT JUDGE