IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,
CRAIG CUNNINGHAM,
STEWART ABRAMSON, and
JAMES SHELTON,
individually and on behalf of a class of all
persons and entities similarly situated,

        Plaintiffs,

vs.                                         Case No. 5:17-cv-00179-JPB

DIRECTV, LLC;

and

ADAM COX;
AC1 COMMUNICATIONS;
IQ MARKETING 2, CORP., d/b/a PACIFICOM;
MICHAEL ASGHARI;
NAS AIR LOGISTICS;
JOHN MATTHEWS;
BIRJU, LLC;
PIC SIX, LLC;
MYLAN JOHNSON GROUP;
XCITE SATELLITE, LLC;
EXACT ESTIMATING, LLC;
CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS;
KREATAMOTIVE LLC;
EXPLOSIVE SALES MARKETING GROUP, INC.

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO AC1 COMMUNICATIONS

NOW COME the Plaintiffs, by counsel, pursuant to Rule 37 of the Federal Rules of Civil

Procedure and LR Civ P 37.02, and move to compel Defendant AC1 to supplement its prior

discovery responses as set forth below.

1

**BACKGROUND**

As set forth in the Motion, this is a TCPA action in which Plaintiffs allege that Defendant AC1 and others illegally and repeatedly called their numbers that were registered on the federal Do Not Call registry and/or violated the statute by using automated technology to call their cellular telephones.  Plaintiffs seek production of the following documents, each of which are known to be easily accessible from Defendant's present custody: (1) the call records and associated documents probative of these calls, in the same format in which they were produced to AC1 by its vendor; (2) documents evidencing the vicarious liability relationship between AC1 and DirecTV; and (3) Defendant's internal communications concerning DirecTV, outbound telemarketing or TCPA compliance over the last four years.  Plaintiffs also ask that Defendant be compelled to identify the persons responding to the interrogatories and the information possessed by each, so that Plaintiffs may make informed decisions about who to depose, and might conduct those depositions efficiently.

Defendant forwarded its responses to Plaintiffs' discovery via email on December 10, 2018.  Two days later, Plaintiffs' counsel identified the foregoing deficiencies and invited resolution without court intervention.  *Exhibit A*, meet and confer communications.  Counsel continued to meet and confer by email and phone correspondence up until February 20, 2019, the day before this Motion was filed.  Certificate of Good Faith Conference, incorporated onto last page of Motion.[1]  Plaintiff's counsel advised that if Defendant did not provide the requested

---

[1] As reflected in the correspondence, Plaintiffs' counsel followed up over six times on his request for more complete information.  Defendant responded variously with requests for additional time, suggestions that a protective order should be entered prior to supplementation, and promises that additional information was forthcoming.  Plaintiffs accepted these representations and extended the response time in hopes of resolving these disputes without court intervention. Insofar as the delay was occasioned by Defendant's actions and not lack of diligence by Plaintiffs, this Motion is timely sought.  LR Civ P 37.02, Motions to Compel, at (b):  motion considered timely if "such failure to file the motion was caused by…some action of the non-moving party."; see also *Patrick v. Teays Valley Trs., LLC*, __ F.Supp.2d ___, 2013 U.S. Dist. LEXIS 174022, 297 F.R.D. 248 (N.D.W.Va. 2013).

supplementation by February 13, 2019, this motion would follow. Now, while several of the parties' disputes have been resolved, the following four issues remain.

## ARGUMENT

**1.  Defendant should be compelled to produce the call records it received from its vendor in their original  .CSV format.**

Plaintiffs' Interrogatories # 1 and 2 requested the call logs applicable to Plaintiffs' claims. Defendant did not object, but produced these in a .PDF format, which is not a form usable by Plaintiffs' experts.  However, as reflected in the affidavit from the vendor, XenCall, the logs were produced to Defendant in a .CSV format.  *Exhibit B,* Affidavit of XenCall.  The .CSV format is far more workable for Plaintiffs' experts, and given that there is no further burden or expense to Defendant to produce in .CSV, Plaintiff asked that Defendant produce in that format. Counsel for Defendant indicated on December 28, 2108 that he was considering this request, but to date, the production has not occurred, and the files remain unusable by Plaintiff.

As required by Local Rule of Civil Procedure 37.02, the full body of the Requests and Responses thereto are set forth below, although the format of the production (rather than the content) is the issue. The meet and confer correspondence attached to the Motion as *Exhibit A* shows the dialogue between counsel addressing the production format.

Request No. 1:   Documents that identify all Telemarketing Calls made to numbers registered to a cellular telephone service from four years prior to the filing of the Complaint to the present, including to Plaintiff. If you are unable to limit the production to cellular telephone numbers, produce all Telemarketing Calls so the Plaintiff, or her expert, may do the same.

Response:   Defendant objects on the ground that AC1 Communications did not conduct business prior to July 1, 2017, and therefore responsive information would not exist prior to that date.  Defendant also objects on the basis that it is unable to identify which of the numbers called are registered to a cellular phone service. Without waiving the stated objections, see call log report from July 1, 2017 to April 30, 2018, attached hereto as Exhibit 1 (Bates Nos. AC1COX_0000001– AC1COX_0032313) and call log report from May 1, 2018 to Nov. 30, 2018, attached hereto as Exhibit 2 (Bates Nos. AC1COX_0032314– AC1COX_0042270).

Request No. 2:   Documents that identify all Telemarketing Calls made to residential numbers registered to on the National Do Not Call Registry for at least thirty days prior to the call from four years prior to the filing of the Complaint to the present, including to Plaintiff. If you are unable to so limit the production, produce all Telemarketing Calls so the Plaintiff, or her expert, may do the same.

Response:   Defendant objects on the ground that AC1 Communications did not conduct business prior to July 1, 2017, and therefore responsive information would not exist prior to that date. Defendant also objects on the basis that it is unable to identify which of the numbers called by AC1 are residential numbers registered to the National Do Not Call Registry. Without waiving the stated objections, see call log report from July 1, 2017 to April 30, 2018, attached hereto as Exhibit 1 (Bates Nos. AC1COX_0000001– AC1COX_0032313) and call log report from May 1, 2018 to Nov. 30, 2018, attached hereto as Exhibit 2 (Bates Nos. AC1COX_0032314–AC1COX_0042270).

4

## 2.    Plaintiffs' Request for Production # 19

The parties remain at an impasse with respect to Plaintiff's Request for Production # 19:

Request No. 19:    Produce all documents reflecting the number of new customers obtained for DirecTV as a result Telemarketing Calls by the Defendant, or any vendor it hired.

Response: Defendant objects on the ground that the Request seeks confidential, proprietary business information. Defendant further objects on the ground that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The First Amended Class Action Complaint alleges violations of the TCPA in the form of calls made using an artificial or prerecorded voice, calls made using an autodialer to a cell phone line without prior express consent, or call made to numbers listed on the National Do Not Call Registry more than once within a twelve--month period. ECF No. 57 at ¶ 239. The success or lack of success of Defendant's telemarketing calls has no bearing on such claims.

The number of new customers Defendant generated for DirecTV is relevant to vicarious liability. One determinative factor in the analysis of agency/vicarious liability principles is whether the purported agent's work was done in the "regular business of the employer." *Lopez v. Massachusetts*, 588 F.3d 69, 85 (1st Cir. 2009); *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 450 (9th Cir. 2018). The more of a putative principal's spending that flows to a given vendor, the more likely that vendor's work will be deemed "in the regular business of the employer." Moreover, the due diligence with which the principal should monitor its agent depends on the financial scale of the parties' contract. Here, DirecTV's exercise of due diligence in policing telemarketing efforts correlates with AC1's significance to it as a provider. That significance

5

includes the number of customers generated by AC1 and how much DirecTV paid AC1 to obtain them.

During the meet and confer exchanges, counsel for AC1 indicated that this information might instead be sought from DirecTV, and was irrelevant unless or until DirecTV was reinstated as an active party to this litigation. *Exhibit A*, response of Bryan Price, December 28, 2018. This approach is unavailing. AC1 has these documents in its current possession, and there is no reason why Plaintiffs should be forced to sit idly without discovery from it and other defendants until (a) the stay is lifted as to DirecTV and (b) DirecTV is ruled to be vicariously liable. This Court stayed Plaintiff's discovery *from DirecTV*, not all discovery from remaining parties *about their relationships with DirecTV*. Finally, AC1's "wait-and-maybe-ask-someone-else-later" approach is neither judicially economical nor sensible, when it has in hand now the documents Plaintiffs rightfully seek.

Defendant's remaining objections as to the confidential and proprietary nature of this information are easily resolved by designating responsive documents as "Confidential" per the Protective Order.

**3.      Request for Production of Documents # 25**

The parties continue to dispute the production of documents sought in Request # 25:

Request No. 25:   All communications including emails, text messages, calendar entries, meeting notes, voicemails and Skype logs, internally at Defendant regarding outbound telemarketing or TCPA compliance over the last four years.

Response:  Defendant objects on the ground that this Request is overly broad in that it is not limited in scope, is unduly burdensome on its face, seeks confidential business records, and clearly seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of this case.  The Request demands the production of each and every record of each and every communication related in any way to the business of Defendant.  Such a request uses language so broad it makes it "impossible to determine what amongst numerous documents [fall] within the scope of the request[]." *Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 261 (E.D. Wisc. 2013).  Without waiving and subject to the stated objection, see Exhibits attached.

In discussions with defense counsel, Plaintiffs' counsel clarified that this request seeks internal correspondence among AC1 personnel about their telemarketing practices, to include internal emails, text messages or skype logs. Little could be more relevant to a case alleging telemarketing infractions than a defending party's own words on the topic, which might reveal whether or not it enforced its policies, its knowledge of TCPA infractions, problems with respect to any particular agents, any prior corrective measures, and possibly even admissions about the allegations in this Complaint.  In response on December 28, 2018, defense counsel represented that supplemental productions may satisfy this request; however, nearly two months have gone by, the protective order Defendant sought has been entered, and still this supplementation has not occurred.

4.      **Interrogatory # 5**

> 5.      Identify each person who provided the information to answer these interrogatories and specify each interrogatory or interrogatories about which each such person had information.
>
> Response:   Defendant objects to this Interrogatory on the ground it seeks information which is not discoverable under Federal Rules of Civil Procedure, Rule 26. See e.g., *United States v. National Steel Corp.*, 26 F.R.D. 599 (S.D. Tex. 1960)( party not entitled to know person connected in any way with preparation of answers to interrogatories); *Maple Drive-In Theatre Corp. v. Radio Keith-Orpheum Corp.*, 153 F. Supp. 240 (S.D. NY 1956)(interrogated party need not identify persons who cooperated in preparation of answers to interrogatories); *Hopkins Theatre, Inc. v. R.K.O. Radio Pictures, Inc.*, 18 F.R.D. 379 (S.D. NY 1956)(same).

Authorities conflict as to whether a corporation must disclose the identify of all persons assisting in the preparation of discovery answers or the sources of particular information.  Roger S. Haydock and David F. Herr, Discovery Practice, (8th Ed. 2019-1 Supplement) § 23.03[J] Signing Responses, citing *United States v. Nat'l Steel Corp.*, 26 F.R.D. 599, 600 (S.D. Tex. 1960) and *B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co.*, 24 F.R.D. 1, 4 (S.D. Tex. 1959).   However, the more recent and well-reasoned trend supports Plaintiff's position that a corporation must identify the persons who have assisted in providing the answers.  10A Federal Procedure, Lawyer's Ed., Feb. 2019 Update, § 26:496 citing *Evans v. Visual Technology Inc.,* 1994 WL 28002 (N.D.N.Y. 1994).

The *Evans* court analyzed the *Maple Drive-In* and *Hopkinson Theatre* cases offered by AC1 above.  It remarked,

> Neither of these cases provides any explanation for the courts' decisions denying requests for information concerning the identities of individuals who assisted in the preparation of answers to interrogatories.  In *Maple Drive-In*, the court merely stated that "[d]efendants need not identify the persons who cooperated in preparation of the answers to these interrogatories." *Maple Drive-In*, 153 F.Supp. at 244.  The court went on to state,

however, that "[p]laintiff is free to serve further interrogatories if it seeks additional information concerning persons with knowledge of the relevant facts." *Id.* Likewise, in *Hopkinson Theatre*, the court merely stated that it saw "[n]o justification for the question [names of persons who assisted in the preparation of the answers to interrogatories], and the objections will be sustained." *Id.* at 383.

*Evans* at *3.

The *Evans* court was persuaded by two more recent cases which ordered that the identifying information be produced. *Id.* at * 4, discussing *Pontillo v. Federated Department Stores, Inc.,* No. 93 Civ.1950, 1993 U.S.Dist. LEXIS 13533 (S.D.N.Y. Sept. 29, 1993) and *Schneck v. International Business Machs. Corp.*, No. 92-4370, *Repetitive Stress Injury Litigation Reporter*, Aug. 1993, at 45 (D.N.J. July 27, 1993). As the *Evans* opinion also observed, this more modern approach also comports with the broad scope of discovery contemplated by Rule 26 of the Federal Rules of Civil Procedure. *Evans* at *4.

In closing, the requested identifying information already exists as by-product of Defendant's act of answering Plaintiff's discovery, such that production will not impose any burden whatsoever on Defendant. Meanwhile, the disclosure will streamline discovery by helping Plaintiff's counsel decide who to depose, and the summary of each witness' knowledge will maximize the efficiency of those depositions, to the benefit of all.

## CONCLUSION

Plaintiffs request that the Court compel AC1 to supplement the aforegoing discovery by producing files responsive to Requests No. 1 and 2 in .CSV format; to supplement responses to Requests Nos. 19 and 25 as previously promised and to provide further answers as directed; and to answer Interrogatory # 5 as written.

Dated:  February 21, 2019                              Respectfully submitted by,

 */s/ John W. Barrett*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Sharon F. Iskra (WV Bar No. 6582)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY,**
**CRAIG CUNNINGHAM,**
**STEWART ABRAMSON, and**
**JAMES SHELTON,**
**individually and on behalf of a class of all**
**persons and entities similarly situated,**

       **Plaintiffs,**

**vs.**                                   **Case No. 5:17-cv-00179-JPB**

**DIRECTV, LLC;**

**and**

**ADAM COX;**
**AC1 COMMUNICATIONS;**
**IQ MARKETING 2, CORP., d/b/a PACIFICOM;**
**MICHAEL ASGHARI;**
**NAS AIR LOGISTICS;**
**JOHN MATTHEWS;**
**BIRJU, LLC;**
**PIC SIX, LLC;**
**MYLAN JOHNSON GROUP;**
**XCITE SATELLITE, LLC;**
**EXACT ESTIMATING, LLC;**
**CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS;**
**KREATAMOTIVE LLC;**
**EXPLOSIVE SALES MARKETING GROUP, INC.**

       **Defendants.**

## CERTIFICATE OF SERVICE

       I, John W. Barrett, hereby certify that on February 21, 2019, I served a true and correct copy of "***Memorandum of Law in Support of Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Discovery Requests to AC1 Communications***" was filed with the Clerk of Court using the CM/ECF System, which caused a true and accurate copy of such filing to be served upon the following counsel of record:

11

Danielle M. Waltz
Sarah A. Phipps
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
dwaltz@jacksonkelly.com
sphipps@jacksonkelly.com

Archis A. Parasharmi
Daniel E. Jones
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
aparasharami@mayerbrown.com
djones@mayerbrown.com

Jeffrey M. Wakefield
Bryan N. Price
Raymond L. Harrell, Jr.
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
P. O. Box 3843
Charleston, WV 25338-3843
jwakefield@flahertylegal.com
bprice@flahertylegal.com
rharrell@flahertylegal.com


      */s/ John W. Barrett*_____
John W. Barrett (WV Bar No. 7289)