**Subject:**	FW: Mey v. DirecTV et al.

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Monday, February 11, 2019 9:06 AM
**To:** 'Price, Bryan N.' <BPrice@flahertylegal.com>
**Cc:** 'Holliday, Jason L.' <JHolliday@flahertylegal.com>; 'Springsteen, Sonya L.' <SSpringsteen@flahertylegal.com>; Sharon F. Iskra <SIskra@baileyglasser.com>; Matthew McCue <mmccue@massattorneys.net>; Ted Broderick <Ted@broderick-law.com>; Jonathan R. Marshall <JMarshall@baileyglasser.com>; John W. Barrett <JBarrett@baileyglasser.com>; Christy A. Robinson <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Bryan:

I'm sorry to hear that, but this meet and confer has gone on for nearly two months. While we're already at impasse on some issues, if we don't get a response and supplement by Wednesday, we'll move forward with the Court's intervention.


Regards,

----
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
[o] (617) 485-0018
[c] (508) 221-1510
[f] (617) 830-0327

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


**From:** Price, Bryan N. <BPrice@flahertylegal.com>
**Sent:** Wednesday, February 6, 2019 5:34 PM
**To:** Anthony Paronich <anthony@broderick-law.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett' <JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Anthony,

**EXHIBIT A**

The flu bug has hit my office hard this past week. Jason Holiday, who has been assisting me on this case, is one of the many unfortunate ones to be bit by the bug. I have been on the road, so I luckily have avoided the bad germs thus far. I'm on the road again tomorrow, and part of the day Friday. I apologize for the delay, but I will get Jason focused on it when he is feeling better and back in the office.

Thanks for your patience.

## Bryan N. Price, Esq.
Member

## Flaherty
**FLAHERTY SENSABAUGH BONASSO** PLLC
PHONE: 304.347.4236

---

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Wednesday, February 06, 2019 8:19 AM
**To:** Price, Bryan N. <BPrice@flahertylegal.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett' <JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Bryan:

I wanted to circle back on the below.

----
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
[o] (617) 485-0018
[c] (508) 221-1510
[f] (617) 830-0327

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Friday, February 1, 2019 9:21 AM
**To:** 'Price, Bryan N.' <BPrice@flahertylegal.com>
**Cc:** 'Holliday, Jason L.' <JHolliday@flahertylegal.com>; 'Springsteen, Sonya L.' <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett'

<JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Bryan:

Now that the protective order has been entered, please let us know when we will receive the documents so we can finish our meet and confer that we began in December.

1. The experts we usually use in these cases would not call PDFs of calling records "reasonably usable form". If you have an expert that provides a different analysis, please let us know. Otherwise, please produce the records in the format XenCall provided them to AC1, which would be .CSV. In terms of BATES labeling, we usually use a single placeholder .PDF.
2. We'll wait to hear from you on the protective order.
3. With respect to Request No. 18, we'll address that through a subsequent discovery request or deposition testimony, but we don't need to address it further here.
4. We disagree with you with respect to Document Request No. 19 and are at impasse.
5. We'll wait to see the supplemental documents for Document Request No. 25 and then will circle back. To be clear, this document request seeks internal e-mails, text messages and/or skype logs amongst AC1 personnel about their telemarketing practices
6. With respect to Interrogatory No. 5, we disagree with you and are at impasse.
7. With respect to the XenCall information, we'll address that through a subsequent discovery request or deposition testimony, but we don't need to address it further here.
8. With respect to the retention issue raised in response to the last bullet point, please provide further information regarding what has been lost, etc. This information is requested in Interrogatory No. 11.


Regards,

----
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
[o] (617) 485-0018
[c] (508) 221-1510
[f] (617) 830-0327

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Price, Bryan N. <BPrice@flahertylegal.com>
**Sent:** Wednesday, January 9, 2019 3:55 PM
**To:** Anthony Paronich <anthony@broderick-law.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett'

3

<<JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Anthony,

I apologize for the delay…myself and one of my two kids were bit by the stomach bug. I've been trying to work when able, but I am admittedly behind. I will have a draft protective order to you tomorrow. Thanks for your patience.

## Bryan N. Price, Esq.
Member

## Flaherty
FLAHERTY SENSABAUGH BONASSO PLLC
PHONE: 304.347.4236

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Saturday, January 05, 2019 2:37 PM
**To:** Price, Bryan N. <BPrice@flahertylegal.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett' <JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Bryan:

I wanted to circle back on the below as well as the draft protective order.


----
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
[o] (617) 485-0018
[c] (508) 221-1510
[f] (617) 830-0327

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Monday, December 31, 2018 9:40 AM
**To:** 'Price, Bryan N.' <BPrice@flahertylegal.com>
**Cc:** 'Holliday, Jason L.' <JHolliday@flahertylegal.com>; 'Springsteen, Sonya L.' <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett'

<JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Thanks, Bryan. In response:

1. The experts we usually use in these cases would not call PDFs of calling records "reasonably usable form". If you have an expert that provides a different analysis, please let us know. Otherwise, please produce the records in the format XenCall provided them to AC1, which would be .CSV. In terms of BATES labeling, we usually use a single placeholder .PDF.
2. We'll wait to hear from you on the protective order.
3. With respect to Request No. 18, we'll address that through a subsequent discovery request or deposition testimony, but we don't need to address it further here.
4. We disagree with you with respect to Document Request No. 19 and are at impasse.
5. We'll wait to see the supplemental documents for Document Request No. 25 and then will circle back. To be clear, this document request seeks internal e-mails, text messages and/or skype logs amongst AC1 personnel about their telemarketing practices
6. With respect to Interrogatory No. 5, we disagree with you and are at impasse.
7. With respect to the XenCall information, we'll address that through a subsequent discovery request or deposition testimony, but we don't need to address it further here.
8. With respect to the retention issue raised in response to the last bullet point, please provide further information regarding what has been lost, etc. This information is requested in Interrogatory No. 11.


----
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
[o] (617) 485-0018
[c] (508) 221-1510
[f] (617) 830-0327

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Price, Bryan N. <BPrice@flahertylegal.com>
**Sent:** Friday, December 28, 2018 4:14 PM
**To:** Anthony Paronich <anthony@broderick-law.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; Sharon F. Iskra <SIskra@baileyglasser.com>; Matthew McCue <mmccue@massattorneys.net>; Ted Broderick <Ted@broderick-law.com>; Jonathan R. Marshall <JMarshall@baileyglasser.com>; John W. Barrett <JBarrett@baileyglasser.com>; Christy A. Robinson <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Anthony,

Following up to your December 12 email re: AC1/Adam Cox's discovery responses, please find below in RED my comments in response:

- The calling records need to be produced in their native format, or a format that our expert witness can analyze. Xencall typical produces in .CSV format, which is fine with us. Please let us know if Xencall produced the records to AC1 in format other than .CSV.  Ms. Mey did not specify that call records need to be produced in their "native format." The rules only require that we produce in "reasonably usable form"— which I believe we did.  The call records were provided in searchable PDF format, which allowed us to properly Bates Number them.  That being said, I think we should be able to provide the records in .CSV format, though I am not sure if there is a way to add corresponding bates labels.  I am checking into this and will let you know.
- For documents responsive to Request Nos. 6, 10, 11, 23, while we don't agree that DirecTV's consent is needed to respond to a discovery request, please advise us of the status of that. If they're agreeing, and the documents will be produced shortly, there is no dispute. Otherwise, we intend to move to compel these documents.  As previously advised, we obtained consent from DirecTV to produce responsive documents, but must do so pursuant to a protective order.  Mr. Holliday is working on a proposed protective order, but I am advised he will not have it ready until next week.
- With respect to Document Request No. 18, discovery does not need to continue and facts do not need to further develop in order to identify if AC1 claims it had any prior express written consent to make the telemarketing calls it already produced. Please let us know that position. I am not sure I understand/appreciate your position.  Request 18 asks for documents supporting affirmative defenses.  As stated in our response, affirmative defenses may be abandoned, modified, or amended depending on what develops through the course of discovery.  We have produced responsive documents in our possession presently, and I am sure you can appreciate the volume of call records produced.  We reserve the right to supplement as discovery is ongoing, and I don't see where revision to the response as drafted is necessary.
- Document Request No. 19 is relevant to vicarious liability. The amount of due diligence of the alleged principal could reasonably depend on the financial scale of the parties relationship, which includes the amount of customers that were obtained and how much AC1 was paid to obtain those customers. If this is not supplemented, we intend to compel this request.  If the information sought is specific to vicarious liability, e.g. DirecTV being held liable for the acts/omissions of AC1, then the request is more appropriately directed to DirecTV.  However, as you know the claims against DirecTV are currently stayed.  Unless/until DirecTV becomes an active party to this litigation again, there is no source for you to pursue vicarious liability, and thus the information is irrelevant.
- With respect to Document Request No. 25, a reference to the other documents produced is insufficient. Here, unlike any of the other requests, we seek internal e-mails, text messages or skype logs amongst AC1 personnel about their telemarketing practices.  I think the objection we asserted is appropriate.  That being said, supplemental information we will produce pursuant to a protective order may satisfy your objection.  I propose that you wait for the supplemental production following entry of a protective order and then advise if you still have issues.
- With respect to Interrogatory No. 5, we disagree with AC1's position that the individual who provided information responsive to the interrogatories is not discoverable.  We cited case law supporting our position, whereas you simply state disagreement with our position; the case law trumps.  If you have case law, etc. that differs from what we have cited, please provide same and we will give it appropriate consideration.  Otherwise, we stand by the objection.
- With respect to the XenCall dialer, while we've received the invoices, please advise if there is a user manual or a document representing step by step instructions, and if so, please produce that.  This bullet point seems to serve as an additional discovery request. Please identify which interrogatory/request for production you contend seeks this information and I will re-evaluate our response.

- Finally, please confirm that AC1 only had one e-mail exchange with Electronic Voice, none with XenCall, and had no text message, skype or letter exchanges with either company. I can't confirm your request at the present time. Our client utilizes an email exchange that imposes limits on data usage/download. I have not been able to obtain all potentially responsive information at this time. I will certainly supplement as I am able.

Once you review the above, let's discuss any ongoing issues you may have.

Thanks,

**Bryan N. Price, Esq.**
Member

**Flaherty**
FLAHERTY SENSABAUGH BONASSO PLLC
PHONE: 304.347.4236

---

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Friday, December 21, 2018 7:05 PM
**To:** Price, Bryan N. <BPrice@flahertylegal.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; Sharon F. Iskra <SIskra@baileyglasser.com>; Matthew McCue <mmccue@massattorneys.net>; Ted Broderick <Ted@broderick-law.com>; Jonathan R. Marshall <JMarshall@baileyglasser.com>; John W. Barrett <JBarrett@baileyglasser.com>; Christy A. Robinson <crobinson@baileyglasser.com>
**Subject:** Re: Mey v. DirecTV et al.

Same to you, Bryan. Thanks for the update.

On Dec 21, 2018, at 6:15 PM, Price, Bryan N. <BPrice@flahertylegal.com> wrote:

> Anthony,
>
> I apologize that I did not make it around to following up on the email chain below. Unfortunately, I was advised by my IT department that they are shutting me down for server maintenance in a few minutes, so I'm losing my computer access. I promise to follow up with you between Christmas and the new year.
>
> I appreciate your continued patience, and I hope you have a Merry Christmas!
>
> **Bryan N. Price, Esq.**
> Member
>
> **Flaherty**
> FLAHERTY SENSABAUGH BONASSO PLLC
> PHONE: 304.347.4236
>
> ---
>
> **From:** Anthony Paronich <anthony@broderick-law.com>
> **Sent:** Friday, December 21, 2018 9:47 AM
> **To:** Price, Bryan N. <BPrice@flahertylegal.com>
> **Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett' <JBarrett@baileyglasser.com>; 'Christy A. Robinson'

<crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Thanks, Bryan. That sounds like a plan.

---

**From:** Price, Bryan N. <BPrice@flahertylegal.com>
**Sent:** Friday, December 21, 2018 9:46 AM
**To:** Anthony Paronich <anthony@broderick-law.com>
**Cc:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>; Sharon F. Iskra <SIskra@baileyglasser.com>; Matthew McCue <mmccue@massattorneys.net>; Ted Broderick <Ted@broderick-law.com>; Jonathan R. Marshall <JMarshall@baileyglasser.com>; John W. Barrett <JBarrett@baileyglasser.com>; Christy A. Robinson <crobinson@baileyglasser.com>; Price, Bryan N. <BPrice@flahertylegal.com>
**Subject:** Re: Mey v. DirecTV et al.

Anthony...I am in meetings most of this morning and early afternoon. Things usually slow down for me during the holidays, but this year has been an exception. I do appreciate your patience.

I will tell you that we talked with DirecTV the other day and have received approval to produce responsive documents. We need, however, to get a protective order in place first. My associate will prepare a draft and circulate it. I will address your specific points below later today.

**Bryan N. Price, Esq.**
Member

**Flaherty**
304.347.4236
(sent from a mobile device)


On Dec 21, 2018, at 8:58 AM, Anthony Paronich <anthony@broderick-law.com> wrote:

> Bryan:
>
> I wanted to circle back on the below.
>
>
> ----
> Anthony Paronich
> Broderick & Paronich, P.C.
> 99 High Street, Suite 304
> Boston, MA 02110
> [p] (508) 221-1510
> [f] (617) 830-0327
>
> This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Price, Bryan N. <BPrice@flahertylegal.com>
**Sent:** Monday, December 17, 2018 11:23 PM
**To:** Anthony Paronich <anthony@broderick-law.com>; Holliday, Jason L. <JHolliday@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>
**Cc:** 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett' <JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Anthony,

I was out of town all last week.  I will look at the issues set forth in your email below and get back to you.  Thanks for your patience.

## Bryan N. Price, Esq.
Member

## Flaherty
**FLAHERTY SENSABAUGH BONASSO** PLLC
PHONE: 304.347.4236

**From:** Anthony Paronich <anthony@broderick-law.com>
**Sent:** Wednesday, December 12, 2018 12:49 PM
**To:** Holliday, Jason L. <JHolliday@flahertylegal.com>; Price, Bryan N. <BPrice@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>
**Cc:** 'Sharon F. Iskra' <SIskra@baileyglasser.com>; 'Matthew McCue' <mmccue@massattorneys.net>; 'Ted Broderick' <Ted@broderick-law.com>; 'Jonathan R. Marshall' <JMarshall@baileyglasser.com>; 'John W. Barrett' <JBarrett@baileyglasser.com>; 'Christy A. Robinson' <crobinson@baileyglasser.com>
**Subject:** RE: Mey v. DirecTV et al.

Bryan and Jason:

We've reviewed AC1's discovery responses, and have the follow issues we need to address.

- The calling records need to be produced in their native format, or a format that our expert witness can analyze. Xencall typical produces in .CSV format, which is fine with us. Please let us know if Xencall produced the records to AC1 in format other than .CSV.
- For documents responsive to Request Nos. 6, 10, 11, 23, while we don't agree that DirecTV's consent is needed to respond to a discovery request, please advise us of the status of that. If they're agreeing, and the documents will be produced shortly, there is no dispute. Otherwise, we intend to move to compel these documents.

- With respect to Document Request No. 18, discovery does not need to continue and facts do not need to further develop in order to identify if AC1 claims it had any prior express written consent to make the telemarketing calls it already produced. Please let us know that position.
- Document Request No. 19 is relevant to vicarious liability. The amount of due diligence of the alleged principal could reasonably depend on the financial scale of the parties relationship, which includes the amount of customers that were obtained and how much AC1 was paid to obtain those customers. If this is not supplemented, we intend to compel this request.
- With respect to Document Request No. 25, a reference to the other documents produced is insufficient. Here, unlike any of the other requests, we seek internal e-mails, text messages or skype logs amongst AC1 personnel about their telemarketing practices.
- With respect to Interrogatory No. 5, we disagree with AC1's position that the individual who provided information responsive to the interrogatories is not discoverable.
- With respect to the XenCall dialer, while we've received the invoices, please advise if there is a user manual or a document representing step by step instructions, and if so, please produce that.
- Finally, please confirm that AC1 only had one e-mail exchange with Electronic Voice, none with XenCall, and had no text message, skype or letter exchanges with either company.

Regards,

----
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
[p] (508) 221-1510
[f] (617) 830-0327

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Holliday, Jason L. <JHolliday@flahertylegal.com>
**Sent:** Monday, December 10, 2018 4:32 PM
**To:** Sharon F. Iskra <SIskra@baileyglasser.com>; Anthony Paronich <anthony@broderick-law.com>; Matthew McCue <mmccue@massattorneys.net>; Ted Broderick <Ted@broderick-law.com>; Jonathan R. Marshall <JMarshall@baileyglasser.com>; John W. Barrett <JBarrett@baileyglasser.com>; Christy

10

A. Robinson <crobinson@baileyglasser.com>; Waltz, Danielle <dwaltz@jacksonkelly.com>; Vaughan, David <dkvaughan@jacksonkelly.com>
**Cc:** Price, Bryan N. <BPrice@flahertylegal.com>; Springsteen, Sonya L. <SSpringsteen@flahertylegal.com>
**Subject:** Mey v. DirecTV et al.

Counsel:

I appear to have excluded the attached verifications from AC1 Communications and Adam Cox's discovery responses served on Friday.  Please advise if you have any questions.

### Jason L. Holliday
Attorney

# Flaherty

**FLAHERTY SENSABAUGH BONASSO PLLC**
P.O. BOX 3843
CHARLESTON, WV 25338
*OVERNIGHT:*
200 CAPITOL STREET
CHARLESTON, WV 25301
PHONE: 304.720.9004
FAX: 304.345.0260

**FLAHERTYLEGAL.COM**

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you

have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.