IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DIANA MEY**, **et al.**,

      Plaintiffs,

v.                                           CIVIL ACTION NO. 5:17-CV-179
                                                           (BAILEY)

**DIRECTV**, **LLC**, **et al.**,

      Defendants.

### ORDER DENYING MOTION FOR LEAVE TO WITHDRAW
### AND BE RELIEVED AS COUNSEL FOR AC1 COMMUNICATIONS AND ADAM COX

On this day, the above-styled matter came before the Court for consideration of counsel for defendants AC1 Communications and Adam Cox's Motion for Leave to Withdraw and be Relieved as Counsel for AC1 Communications and Adam Cox [Doc. 83], filed February 20, 2019. Therein, the law firm of Flaherty Sensabaugh Bonasso, PLLC, and Jeffrey M. Wakefield, Bryan N. Price, Jason L. Holliday, and Raymond L. Harrell, Jr. (collectively "counsel"), request this Court allow them to withdraw as counsel of record for AC1 Communications and Adam Cox (collectively "the clients"), and be relieved from further representation of the same. In support, counsel states that the clients have failed to fulfill obligations to counsel, and that such failure will result in an unreasonable financial burden on counsel and will render continued legal representation unreasonably difficult.

This Court notes that counsel has certain obligations to the clients prior to seeking this Court's leave to terminate the relationship. As it stands, this Court has insufficient information from which to determine whether counsel has sufficiently informed the clients of their rights in

such circumstances and whether they have complied with the code of ethics. As such, this Court **ORDERS** counsel to inform the clients in writing of their intent to withdraw as counsel and to inform them of the following:

1. That the clients will have the burden of keeping the Court informed where notice, pleadings, or other papers may be served;

2. That the clients will have the obligation of representing themselves or hiring other counsel to serve as their representation[1];

3. That the dates of any proceedings, including trial, and the holding of any such proceedings will not be affected by the withdrawal of counsel;

4. That if the clients fail to meet these burdens, the clients may suffer possible default or adverse judgment;

5. That service of process may be made upon the clients at their last known address;

6. That the clients have a right to a reasonable time for employment of other counsel;

7. That the clients have a right to object to counsel's intent to withdraw; and

8. Any other rights or responsibilities required by law and the Rules of Professional Conduct regarding the lawyer-client relationship. *See* Rule 1.16; *see also* Trial Court Rule 4.03.

Accordingly, having reviewed the instant motion, it is the opinion of this Court that the

---

[1] This Court notes that if withdrawal is permitted, AC1 Communications must hire other counsel, as corporations must be represented by an attorney in federal court. *See, e.g.*, **Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.**, 748 F.2d 602, 609 (11th Cir. 1984); **Jones v. Niagara Frontier Transp. Auth.**, 722 F.2d 20, 22 (2d Cir. 1983); **Richdel, Inc. v. Sunspool Corp.**, 699 F.2d 1366, 1366 (Fed. Cir. 1983).

Motion for Leave to Withdraw and be Relieved as Counsel for AC1 Communications and Adam Cox **[Doc. 83]** should be, and is, hereby **DENIED WITHOUT PREJUDICE**. Counsel may renew the Motion upon a showing of compliance with the above. Counsel shall attach thereto a copy of their correspondence with the clients.

    It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 21, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE