IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | |
|---|---|
| DIANA MEY, CRAIG CUNNINGHAM, STEWART ABRAMSON and JAMES SHELTON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC,<br><br>and<br><br>ADAM COX; AC1 COMMUNICATIONS; IQ MARKETING 2, Corp., d/b/a PACIFICOM; MICHAEL ASGHARI; NAS AIR LOGISTICS; JOHN MATTHEWS; BIRJU, LLC; PIC SIX LLC; MYLAN JOHNSON GROUP; XCITE SATELLITE, LLC; EXACT ESTIMATING, LLC; CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS; KREATAMOTIVE LLC; EXPLOSIVE SALES MARKETING GROUP, INC.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:17-CV-179 (BAILEY) |

## ORDER GRANTING MOTION TO STAY [93]

Currently pending before the Court is Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Discovery Requests to AC1 Communications [ECF No. 84], filed February 21, 2019. Said Motion was referred to this Court by Order [ECF No. 87] for consideration and disposition. On February 22, 2019, the undersigned entered an Order [ECF No. 88] Setting Deadlines and an Oral Argument/Evidentiary Hearing with respect to the same. On March 5, 2019, Jeffrey Wakefield, Bryan Price, Jason Holliday, and Raymond Harrell, Jr. with the law firm of Flaherty Sensabaugh Bonasso PLLC (hereinafter "Counsel"), who collectively represent Defendants AC1 Communications and Adam Cox, filed a Motion to Stay

[ECF No. 93] the aforementioned Order. In support of this Motion, Counsel avers that they have recently filed a renewed Motion to Withdraw as Counsel, which is currently pending with the District Court. Counsel therefore requests a stay of the deadlines imposed and the hearing set in this Court's Order [ECF No. 88], pending the outcome of the Motion to Withdraw. After reviewing Counsel's Motion, the Court **FINDS** that good cause exists for the requested stay.

In so finding, the Court notes that the denial of DirecTV, LLC's Motion to Compel Arbitration and Stay is currently pending on Appeal in the Fourth Circuit. The Court further notes the complex nature of this matter and the fact that additional parties may yet be added to this action. Finally, at this time, a Scheduling Order has not been entered. Given the above, the Court would agree with Counsel that "there are no pending deadlines which require swift action on Plaintiff's Motion to Compel," [ECF No. 93 at 5] and that no prejudice would accrue to any party as a result of the stay. Accordingly, and for all of the foregoing reasons, Counsel's Motion to Stay [ECF No. 93] is hereby **GRANTED**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* Plaintiff by certified mail, return receipt requested, and to counsel of record herein.

Dated: 3/6/19   /s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE