IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,
CRAIG CUNNINGHAM,
STEWART ABRAMSON, and
JAMES EVERETT SHELTON,
individually and on behalf of a class of all
persons and entities similarly situated,

        Plaintiffs,

vs.                                       Case No. 5:17-cv-00179-JPB

DIRECTV, LLC;

and

AC1 COMMUNICATIONS, a DirecTV Authorized Dealer,
and its principal, ADAM COX;
BIRJU, LLC, a DirecTV Authorized Dealer;
CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS,
a DirecTV Authorized Dealer;
NAS AIR LOGISTICS, LLC, a DirecTV Authorized Dealer;
EXACT ESTIMATING, LLC, a DirecTV Authorized Dealer;
EXPLOSIVE SALES MARKETING GROUP, INC,
a DirecTV Authorized Dealer,
IQ MARKETING 2, CORP., d/b/a PACIFICOM,
a DirecTV Authorized Dealer, and its principal,
MICHAEL ASGHARI;
KREATAMOTIVE LLC, a DirecTV Authorized Dealer; and
MYLAN JOHNSON GROUP, a DirecTV Authorized Dealer;
XCITE SATELLITE, LLC, a DirecTV Authorized Dealer;
PIC SIX, LLC, a DirecTV Authorized Dealer;
SUPER SALE OUTLETS, LLC, a DirecTV Authorized Dealer;

        Defendants.

## <u>NOTICE OF SUBPOENA</u>

      PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45,

that Plaintiffs intend to serve a Subpoena, in the form attached hereto, on Super

Sale Outlets, LLC on or about January 17, 2020.

1

Dated: January 17, 2020                   Respectfully submitted by,


                                          _/s/ John W. Barrett_
                                          John W. Barrett (WV Bar No. 7289)
                                          Jonathan R. Marshall (WV Bar No. 10580)
                                          Benjamin J. Hogan (WV Bar No. 12997)
                                          BAILEY & GLASSER LLP
                                          209 Capitol Street
                                          Charleston, WV  25301
                                          Telephone: (304) 345-6555
                                          jbarrett@baileyglasser.com
                                          jmarshall@baileyglasser.com
                                          bhogan@baileyglasser.com

                                          Matthew P. McCue
                                          THE LAW OFFICE OF MATTHEW P. MCCUE
                                          1 South Avenue, Suite 3
                                          Natick, MA  01760
                                          Telephone: (508) 655-1415
                                          mmccue@massattorneys.net

                                          _Counsel for Plaintiffs_

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**DIANA MEY,**
**CRAIG CUNNINGHAM,**
**STEWART ABRAMSON, and**
**JAMES EVERETT SHELTON,**
**individually and on behalf of a class of all**
**persons and entities similarly situated,**

       **Plaintiffs,**

**vs.**                              **Case No. 5:17-cv-00179-JPB**

**DIRECTV, LLC;**

**and**

**AC1 COMMUNICATIONS, a DirecTV Authorized Dealer,**
**and its principal, ADAM COX;**
**BIRJU, LLC, a DirecTV Authorized Dealer;**
**CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS,**
**a DirecTV Authorized Dealer;**
**NAS AIR LOGISTICS, LLC, a DirecTV Authorized Dealer;**
**EXACT ESTIMATING, LLC, a DirecTV Authorized Dealer;**
**EXPLOSIVE SALES MARKETING GROUP, INC,**
**a DirecTV Authorized Dealer,**
**IQ MARKETING 2, CORP., d/b/a PACIFICOM,**
**a DirecTV Authorized Dealer, and its principal,**
**MICHAEL ASGHARI;**
**KREATAMOTIVE LLC, a DirecTV Authorized Dealer; and**
**MYLAN JOHNSON GROUP, a DirecTV Authorized Dealer;**
**XCITE SATELLITE, LLC, a DirecTV Authorized Dealer;**
**PIC SIX, LLC, a DirecTV Authorized Dealer;**
**SUPER SALE OUTLETS, LLC, a DirecTV Authorized Dealer;**

       **Defendants.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the <u>17th</u> of <u>January</u> 2020, a copy of the foregoing
*Notice of Subpoena* was served upon all counsel of record via this Court's CM/ECF
system:

                    */s/ John W. Barrett*
                    John W. Barrett

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of West Virginia

|  |  |  |
|---|---|---|
| Diana Mey, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:17-cv-00179-JPB-JPM |
| DirecTV, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Super Sale Outlets, LLC
Attn:  LegalCorp Solutions, LLC, 11 Broadway, Suite 615, New York, NY 10004

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A to the Subpoena of Super Sale Outlets, LLC attached hereto.

| Place: Bailey Glasser LLP<br>209 Capitol Street<br>Charleston, WV 25301 | Date and Time:<br><br>02/10/2020 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/17/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ John W. Barrett |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Diana Mey, et al.
, who issues or requests this subpoena, are:

John W. Barrett, Bailey Glasser LLP, 209 Capitol St., Charleston, WV 25301 JBarrett@baileyglasser.com, 304-345-6555

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  5:17-cv-00179-JPB-JPM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.   You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2.   Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

## DEFINITIONS

1.      When used in these Requests, "DirecTV" means the defendant DirecTV, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2.      When used in these Requests, "you" or "your" (or synonyms thereof) means Super Sale Outlets, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

3.      When used in these Request, "Plaintiffs" refers to Diana Mey, Stewart Abramson, Craig Cunningham and/or James Shelton.

4.      The time frame for the below requests is from January 1, 2016 through the present.

## REQUESTS

**Request No. 1:**  All documents identifying any third party who initiated outbound telemarketing calls on your behalf to sell the goods or services of DirecTV.

**Request No. 2:**  All documents identifying the source from which you obtained consumer data that was then used to initiate telemarketing calls to consumers seeking to sell the goods or services of DirecTV.

1

**Request No. 3:** Produce the consumer data that was used to contact consumers on your behalf to sell DirecTV goods or services.

**Request No. 4:** Produce documents relating to the payment to the entity who initiated telemarketing calls on your behalf to sell the goods or services of DirecTV.

**Request No. 5:** Produce all documents relating to the payment to the entity who provided you with contact data that was then used to initiate telemarketing calls on your behalf to sell the goods or services of DirecTV.

**Request No. 6:** Produce documents sufficient to identify the telecommunications dialing equipment used to initiate telemarketing calls on your behalf, and the owner of such equipment.

**Request No. 7:** Produce all documents reflecting any telephone calls made by You or made on your behalf by any third party, seeking to sell the goods or services of DirecTV. A complete answer will include at least the following:

    a.  Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

    b.  Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.);

    c.  All responses to the call, whether by live voice, IVR, SMS or otherwise;

    d.  Any documents showing the prior express consent of the called party to be called.

    e.  Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode or option the dialing system was in when it made each of the calls identified in the above response,

**Request No. 8:** If you contend you are not in possession of the documents in response to Request 7, identify the entity who is in possession of such documents.

**Request No. 9:** Any databases or other electronically stored information that identifies all customers, leads or potential customers sent to DirecTV since January 1, 2016.

**Request No. 10:** If you contend you obtained the prior express written consent of consumers to receive telemarketing calls seeking to sell DirectTV goods or services, produce all documents in support of such claimed consent.

**Request No. 11:** If you contend consumers consented to receive DirecTV telemarketing calls via a web-site visit, produce all documents, produce documents sufficient to document the exact language on such web site upon which you rely for consent.

**Request No. 12:** To the extent you claim that your company obtained permission for automated calls concerning Defendant via websites:

a.      Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

b.      For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact any putative class member with telemarketing calls.

c.      For any website identified in response to the prior request, produce all architectural diagrams, wireframes and application mockups.

d.      Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer.

e.      Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

f.      Produce all documents that identify any vendor or company used for any website responsive to these requests that is used by that website or its owner or operator for visitor traffic reporting. This includes but is not limited to any SEO or internet marketing consultants.

g.      Produce all documents that identify the bandwidth usage for any website responsive to these requests during the period you claim visits to or actions on that website constituted consent or permission to contact any putative class member with telemarketing calls.

h.      Produce documents that identify the website host(s) for any website responsive any of the foregoing and the dates each host was active for each respective website.

i.      If any documents responsive to the requests in this Schedule A are in the hands of third parties, produce documents that identify those third parties

**Request No. 13:** All documents relating to the Plaintiffs in this case.

**Request No. 14:** All internal communications, including emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails and Skype logs, concerning Defendant.

**Request No. 15:** All documents relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to you in any way relating to allegations of unlawful telemarketing since January 1, 2016. This includes all complaints, as well as all responses to and investigations into the same.

**Request No. 16:** All documents relating to communications between You and DirecTV in any way relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to you in any way relating to allegations of unlawful telemarketing since January 1, 2016.

**Request No. 17:** All documents relating to communications between You and DirecTV in any way relating to marketing or telemarketing since January 1, 2016.

**Request No. 18:** Communications with any third party concerning the litigation captioned on the subpoena.

**Request No. 19:** All contracts between You and DirecTV.

**Request No. 20:** All documents provided to you by DirecTV in regards to marketing or telemarketing.

**Request No. 21:** All correspondence between You and DirecTV in regards to this litigation.