IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, et al., individually
and on behalf of a class of all persons
and entities similarly situated,

      Plaintiffs,

v.                                                    Case No. 5:17-CV-00179

DIRECTV, LLC,

And

ACI COMMUNICATIONS, et al.,

      Defendants.

### PERFECTVISION MANUFACTURING, INC.'S MOTION TO EXTEND DEADLINE TO ANSWER OR OTHERWISE RESPOND TO SECOND AMENDED COMPLAINT AND TO SERVE INITIAL DISCOVERY DISCLOSURES

      PerfectVision Manufacturing, Inc. respectfully requests that the Court grant it an extension of thirty days to its deadline to answer or otherwise respond to the Second Amended Complaint, and to serve its Initial Discovery Disclosures. PerfectVision states the following in support of this request:

      PerfectVision was first named in this case in the Second Amended Complaint, which was filed on March 19, 2020. (Docket No. 151). PerfectVision was served with the Second Amended Complaint on April 6, 2020. Thus, its deadline to answer or otherwise respond to the Complaint is April 27, 2020, according to Rule 12(a)(1)(A). Its deadline to serve Initial Discovery Disclosures is May 6, 2020 according to Rule 26(a)(1)(D).

      PerfectVision's undersigned counsel was notified on April 22, 2020 that it had been retained to represent PerfectVision in this case. It requested an extension from Plaintiffs' counsel to the deadline to answer or otherwise respond to the Second Amended Complaint that evening.

However, Plaintiffs' counsel conditioned granting that request on PerfectVision's counsel identifying an individual or individuals who made a telemarketing call, who would be in possession of call records, and a discussion concerning preservation of records. Given the short timing between undersigned counsel's retention and the pending deadline and its inability to adequately investigate Plaintiffs' counsel's demand, PerfectVision brings this request to the Court.

According to Rule 6(b), this Court may grant PerfectVision's request for extensions "for good cause shown." Fed. R. Civ. P. 6(b). As stated above, PerfectVision's request is based in part on the fact that its counsel was retained a mere five days before the deadline to answer or otherwise respond to the Second Amended Complaint, and fourteen days before its Initial Discovery Disclosures are due. Certainly, allowing PerfectVision a meaningful opportunity to review the Second Amended Complaint and prepare its Initial Discovery Disclosures constitutes good cause.

In addition, though, it must be noted just how little prejudice this request will actually cause any party. This case has been pending for over two years – the Complaint was filed December 11, 2017 – and it is not currently subject to a scheduling order. *See generally,* Docket. Review of this Court's decision regarding a Motion to Compel Arbitration and Stay Litigation (Docket. No. 15) is still pending before the U.S. Court of Appeals for the Fourth Circuit (Case No. 18-1534). A difference of a matter of weeks between the filing of PerfectVision's response to the Second Amended Complaint or its Initial Discovery Disclosures will prejudice no one.

Of course, the country is also in the midst of a global pandemic as well. In response, West Virginia's Governor has issued a Stay at Home Order (available at: https://coronavirus-wvgovstatus-cdn.azureedge.net/STAY_AT_HOME_ORDER.pdf (last viewed April 24, 2020)),

pursuant to which undersigned counsel has closed its offices, and undersigned counsel are working from their homes. A simple request for additional time to review the Second Amended Complaint and prepare a response, and prepare Initial Discovery Disclosures at this time certainly presents good cause.

For those reasons, and having shown good cause, PerfectVision Manufacturing respectfully requests that the Court grant it an extension to its deadline to answer or otherwise respond to the Second Amended Complaint until May 27, 2020, and an extension to its deadline to provide its Initial Discovery Disclosures until June 6, 2020.

**PERFECTVISION MANUFACTURING, INC.**
**By Counsel,**

/s/ Jacob A. Manning
Denise D. Pentino (W. Va. Bar No. 6620)
Jacob A. Manning (W. Va. Bar No. 9694)
Dinsmore & Shohl LLP
2100 Market Street
Wheeling, WV 26003
(304) 230-1700
(304) 230-1610 (facsimile)
denise.pentino@dinsmore.com
jacob.manning@dinsmore.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, et al., individually
and on behalf of a class of all persons
and entities similarly situated,

      Plaintiffs,

v.                                                 Case No. 5:17-CV-00179

DIRECTV, LLC,

And

ACI COMMUNICATIONS, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing Motion was electronically filed on April, 24 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.


                                                          /s/ Jacob A. Manning
                                                          Jacob A. Manning