UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, CRAIG CUNNINGHAM,
STEWART ABRAMSON, JAMES SHELTON,
DAVID VANCE, RUSSELL LOCKE, and THOMAS
STARK, individually and on behalf of a class of
all persons and entities similarly situated,

        Plaintiffs,

vs.                                        CASE NO.: 5:17-cv-00179-JPB

DIRECTV, LLC; AC1 COMMUNICATIONS; BIRJU, LLC;
CDS VI, LLC d/b/a COMPLETE DIGITAL SOLUTIONS;
CLEAR HOME, INC.; EXACT ESTIMATING, LLC;
EXPLOSIVE SALES MARKETING GROUP, INC;
IQ MARKETING 2, CORP., d/b/a PACIFICOM;
MICHAEL ASGHARI; KREATAMOTIVE LLC;
MYLAN JOHNSON GROUP; NAS AIR LOGISTICS, LLC;
PERFECTVISION MANUFACTURING, INC.; FATI TECH LLC;
SNY MARKETING; PIC SIX, LLC;
PRO EDGE MARKETING SERVICE LLC;
SUPER SALE OUTLETS, LLC; XCITE SATELLITE, LLC

        Defendants.

**DEFENDANT CLEAR HOME, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION**

Defendant Clear Home, Inc. ("Clear Home"), by counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and moves this Court for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) as against it for lack of personal jurisdiction. As grounds for such action, Clear Home states as follows:

Statement of Facts

Based on the allegations of the Complaint, it is clear that this Court lacks personal jurisdiction over Defendant Clear Home.

The Complaint alleges that "Defendant Clear Home, Inc. is a Utah corporation that transacts business throughout the United States, including in this district." Dkt. 151, ¶ 21. Plaintiff James Shelton "…resides in King of Prussia, Pennsylvania." Dkt. 151, ¶ 13.

The only allegations in the Complaint relating to Clear Home involved Plaintiff James Shelton, who resides in King of Prussia, Pennsylvania. Dkt. 151, ¶ 47 (Recipient: James Shelton, Dealer: Clear Home, Inc., Date 12/07/2018, Count 1: Autodialer or Prerecord to Cell Checked); Dkt. 151, ¶¶ 237 - 245.

The Complaint alleges that Clear Home made a call to Mr. Shelton on December 7, 2018. Dkt. 151, ¶ 237. The Complaint alleges an additional call being made to Mr. Shelton on December 11, 2018. Dkt. 151, ¶ 244. The Complaint further alleges that the two calls were made to Mr. Shelton's cellular telephone line. Dkt. 151, ¶ 237.

The only claim alleged with regard to Clear Home is Count 1. Dkt. 151, ¶ 47 (Checkmark for Count 1 Only as relates to Clear Home). The Complaint does not seek to include Clear Home in its class action claims for Count 1. Dkt. 151, ¶ 290. ¶ 290 of the Complaint lists a series of Defendants against whom Plaintiffs seek to act as class representatives, *but that list does not include Clear Home*. Dkt. 151, ¶ 290. Counts 2 and 3 of the Complaint also do not list Clear Home as a Defendant against whom Plaintiffs seek to act as class representatives. *Id.*

No other action of Clear Home is alleged in the Complaint, and no action at all is alleged of Clear Home in this District.

Applicable Law

A challenge to personal jurisdiction is properly raised pursuant to Rule 12(b)(2). It is the plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc*., 334 F.3d 390, 396 (4th Cir. 2003). Plaintiff must make a "prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

"In determining whether the plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction." *Carefirst*, 334 F.3d at 396. The inquiry is primarily whether the exercise of personal jurisdiction over the non-resident defendant is consistent with Due Process. *In re Celotex Corp. v. Rapid Am. Corp.,* 124 F.3d 619, 627-28 (4th Cir. 1997).

General Jurisdiction

General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). "'[O]nly a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman*, 571 US 117, 137 (2014).

Merely doing business in a state—even a substantial amount of business—is not sufficient to establish general jurisdiction. *Id*. at 138-39 (concluding there was no jurisdiction over Daimler Chrysler in California based on its California activities of distributing vehicles to independent dealers throughout the United States, including in the state of California, because "the same global reach would presumably be available in every other State" in which it had sizeable sales). This is

because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id*. at 139 fn.20.

Clear Home is neither incorporated in West Virginia, nor has its principal place of business here. Dkt. 151, ¶ 21.  The allegation that Clear Home "transacts business throughout the United States, including in this district" (*Id.*) simply fails to meet the standards set by the Supreme Court in *Daimler* and its progeny to find general jurisdiction. Lacking general jurisdiction, Plaintiffs must plead facts to support a finding of specific jurisdiction, which it has not done.

### Specific Jurisdiction

If general jurisdiction does not exist, a court must find specific jurisdiction to maintain personal jurisdiction over the non-resident Defendant.  Specific jurisdiction under the Due Process Clause exists "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When assessing the "minimum contacts," courts consider whether the defendant's contacts with the forum also provide the basis for the suit. *Carefirst,* 334 F.3d at 397.  If that is the case, a Court may exercise specific jurisdiction.  *Id.*

> To determine whether specific jurisdiction exists, the Court considers the following factors:
>
> > (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state;
> >
> > (2) whether the plaintiff's claims arise out of those activities directed at the state; and
> >
> > (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id*.

"[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1780-81.

"The exercise of specific jurisdiction is permissible if a defendant purposefully directs its activities at residents of the forum state, 'and the litigation results from alleged injuries that 'arise out of or relate to' those activities[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-473, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (*citing Helicopteros Nacionales, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872) 80 L.Ed.2d 404 (1984). "As the Supreme Court has made clear, however, the connection between the defendant and the forum 'must arise out of contacts that the defendant himself creates with the forum State.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F. 3d 124, 143 (4th Cir. 2020), (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

Argument

This case as it relates to Clear Home fits squarely within the ruling of the US Supreme Court in *Bristol-Myers Squibb Co. v. Superior Ct.,* 137 S. Ct. 1773 (2017). This is a case where a nonresident plaintiff is asserting a claim against a nonresident defendant for actions that did not occur in this District. As the Court found *Bristol-Myers Squibb*, due process requires a "connection between the forum and the specific claims at issue" 137 S. Ct. at 1781. That connection in this case is glaringly absent.

This case is even more clearly barred for lack of personal jurisdiction than the *Brystol-Myers Squibb* case, as in that case, at least some "…other plaintiffs [were harmed] in [the forum state]" by actions undertaken by the Defendant. Here, there is no allegation of any Plaintiff of any action of Clear Home in West Virginia. Clear Home, a Utah corporation, made a call to Mr. Shelton, a Pennsylvania resident.

While there are certainly some instances where the class action context modifies the analysis from that used in *Brystol-Myers Squibb*, Plaintiff excluded Clear Home from any allegations relating to class. Dkt. 151, ¶ 290. As such, this is a classic case of one claim by one Plaintiff, Mr. Shelton (a Pennsylvania resident) against one Defendant, Clear Home (a Utah corporation). It simply cannot be maintained in West Virginia.

Whether such exclusion from class consideration was intentional or inadvertent, Clear Home cannot respond to a hypothetical allegation not contained in the pleadings.

Therefore, based on such pleadings, this Court is without personal jurisdiction over Clear Home in this action, and all claims against Clear Home must be dismissed pursuant to F.R.C.P. 12(b)(2).

## Conclusion

WHEREFORE, Clear Home respectfully requests that this Court enter an order DISMISSING all claims against it in the present action.

DATE: May 22, 2020

**CLEAR HOME, INC.**
Defendant.

By Counsel:

/s/ David B. Hanna
David B. Hanna (WVSB #8813)
HANNA & HANNA PLLC
1206 Virginia Street East, Suite 201
P.O. Box 3967
Charleston, WV  25339
(304) 342-1687
(304) 342-8761 facsimile
dhanna@hannalawpllc.com