## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**Wheeling Division**

**DIANA MEY,**
**CRAIG CUNNINGHAM,**
**STEWART ABRAMSON,**
**JAMES SHELTON,**
**DAVID VANCE,**
**RUSSELL LOCKE, and**
**THOMAS STARK, individually**
**and on behalf of a class of all**
**persons and entities similarly situated,**

      **Plaintiffs,**

vs.                                                                             Case No. 5:17-cv-00179-JPB

**DIRECTV, LLC;**

*and*

**AC1 COMMUNICATIONS, a DirecTV Authorized Dealer;**
**BIRJU, LLC, a DirecTV Authorized Dealer;**
**CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS,**
      **a DirecTV Authorized Dealer;**
**CLEAR HOME, INC., a DirecTV Authorized Dealer;**
**EXACT ESTIMATING, LLC, a DirecTV Authorized Dealer;**
**EXPLOSIVE SALES MARKETING GROUP, INC,**
      **a DirecTV Authorized Dealer,**
**IQ MARKETING 2, CORP., d/b/a PACIFICOM,**
      **a DirecTV Authorized Dealer, and its principal,**
      **MICHAEL ASGHARI;**
**KREATAMOTIVE LLC, a DirecTV Authorized Dealer; and**
**MYLAN JOHNSON GROUP, a DirecTV Authorized Dealer;**
**NAS AIR LOGISTICS, LLC, a DirecTV Authorized Dealer;**
**PERFECTVISION MANUFACTURING, INC., a DirecTV Authorized**
      **Dealer, and its telemarketers FATI TECH LLC and SNY MARKETING;**
**PIC SIX, LLC, a DirecTV Authorized Dealer;**
**PRO EDGE MARKETING SERVICE LLC, a DirecTV Authorized Dealer;**
**SUPER SALE OUTLETS, LLC, a DirecTV Authorized Dealer; and**
**XCITE SATELLITE, LLC, a DirecTV Authorized Dealer,**

                                                                         **Defendants.**

**Plaintiffs' Motion for Status Conference**

Plaintiffs Diana Mey, Craig Cunningham, Stewart Abramson, James Shelton, David Vance, Russell Locke, and Thomas Stark respectfully move the Court to set a status or scheduling conference to address (1) how the case should proceed in this Court as to the six named Plaintiffs not subject to arbitration, and (2) how the Court should address the issue of unconscionability as referenced in the Fourth Circuit's opinion remanding to this Court.

In support, Plaintiffs state:

1. At the time the Court issued its ruling on arbitration (Doc. 28, April 25, 2018), Diana Mey was the only Plaintiff in this case.

2. After the Defendant commenced its appeal of the arbitration ruling, Plaintiff obtained Defendant's consent to file a First (Docs. 55-57) and Second (Docs. 149-151) Amended Complaint that, between them, added six new Plaintiffs. Because the case was stayed pending appeal as to DirecTV (Doc. 46 at 3), DirecTV had no obligation to answer these amended complaints (Doc. 55, ¶ 7; Doc. 149, ¶ 6), and has not done so.

3. Only Ms. Mey's claims are subject to arbitration. The Defendant has not moved to compel arbitration for the remaining six Plaintiffs, and Plaintiffs do not believe the Defendant has any ground on which to do so. Because of that, the claims of the six Plaintiffs should not be subject to a stay pending arbitration.

4. Additionally, under the Fourth Circuit's ruling, there are remaining arbitration-related issues for this Court to consider. As the opinion states:

> Although the district court concluded that this dispute "does not fall within the ambit of the arbitration agreement," it opined in passing that "a construction which does not so limit the scope of the arbitration clause would be unconscionably overbroad." On appeal, DIRECTV argues that Mey waived any unconscionability challenge to the arbitration agreement by failing to raise it in the district court;

>DIRECTV also contends that the agreement is neither procedurally nor substantively unconscionable. The district court did not address waiver or analyze unconscionability under West Virginia law. We therefore leave this issue for the parties and the district court to address on remand.

*Mey v. DirecTV, LLC*, No. 18-1534, 2020 WL 4660194 (Aug. 7, 2020).

5. Plaintiffs request a status conference to address these issues – both how the case should proceed before this Court with the six Plaintiffs not subject to arbitration, and how the Court should address unconscionability under West Virginia law.

6. Before filing this motion, Plaintiffs requested Defendant consent to the relief sought. The Defendant stated it would have a response to this request next week, but Plaintiffs wanted to bring these matters to the Court's attention right away.

For these reasons, Plaintiffs request the Court grant their motion.

Dated: September 3, 2020

Respectfully submitted by,

  /s/ John W. Barrett
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

Wheeling Division

DIANA MEY,
CRAIG CUNNINGHAM,
STEWART ABRAMSON,
JAMES SHELTON,
DAVID VANCE,
RUSSELL LOCKE, and
THOMAS STARK, individually
and on behalf of a class of all
persons and entities similarly situated,

      Plaintiffs,

vs.                                              Case No. 5:17-cv-00179-JPB

DIRECTV, LLC;

and

AC1 COMMUNICATIONS, a DirecTV Authorized Dealer;
BIRJU, LLC, a DirecTV Authorized Dealer;
CDS V1, LLC d/b/a COMPLETE DIGITAL SOLUTIONS,
    a DirecTV Authorized Dealer;
CLEAR HOME, INC., a DirecTV Authorized Dealer;
EXACT ESTIMATING, LLC, a DirecTV Authorized Dealer;
EXPLOSIVE SALES MARKETING GROUP, INC,
    a DirecTV Authorized Dealer,
IQ MARKETING 2, CORP., d/b/a PACIFICOM,
    a DirecTV Authorized Dealer, and its principal,
    MICHAEL ASGHARI;
KREATAMOTIVE LLC, a DirecTV Authorized Dealer; and
MYLAN JOHNSON GROUP, a DirecTV Authorized Dealer;
NAS AIR LOGISTICS, LLC, a DirecTV Authorized Dealer;
PERFECTVISION MANUFACTURING, INC., a DirecTV Authorized
    Dealer, and its telemarketers FATI TECH LLC and SNY MARKETING;
PIC SIX, LLC, a DirecTV Authorized Dealer;
PRO EDGE MARKETING SERVICE LLC, a DirecTV Authorized Dealer;
SUPER SALE OUTLETS, LLC, a DirecTV Authorized Dealer; and
XCITE SATELLITE, LLC, a DirecTV Authorized Dealer,

      Defendants.

## **CERTIFICATE OF SERVICE**

  I, John W. Barrett, hereby certify that on September 3, 2020, a copy of the foregoing *Plaintiffs' Motion for Status Conference* was filed using CM/ECF, the Court's electronic notification system, which provided notice to all counsel of record.

                */s/ John W. Barrett*
                John W. Barrett (WV Bar No. 7289)