**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA**

**Wheeling Division**

**DIANA MEY,
DAVID and ROXY VANCE,
RUSSELL LOCKE, and
THOMAS STARK, individually
and on behalf of a class of all
persons and entities similarly situated,**

     **Plaintiffs,**

**vs.**                              **Case No. 5:17-cv-00179-JPB**

**DIRECTV, LLC,**
     **Defendant.**

## DEFENDANT DIRECTV, LLC'S ANSWER
## TO THE AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant DIRECTV, LLC ("DIRECTV" or the "Defendant") hereby submits its answer to Plaintiff's Fourth Amended Complaint (the "Complaint"). No answer is required with respect to the headings, prayers for relief and other contents of the Complaint that do not set forth allegations of fact and are not included within numbered paragraphs.

### I. PRELIMINARY STATEMENT

1.    DIRECTV admits that it receives subscription revenue from providing satellite services to customers signed up by third-party independent retailers. Except as so admitted, the remainder of the paragraph is denied.

2.    DIRECTV admits that as part of a cooperative and negotiated settlement, it was sued in the cases of *United States v. DIRECTV Inc., et al.,* No. 05-1211 (C.D. Cal. Dec. 12, 2005)

1

and *United States of America vs. DIRECTV, Inc. et al,* No. 09-02605 (C.D. Cal. April 23, 2009) and states further that the records of the proceedings are public documents which speak for themselves. Except as so admitted, DIRECTV denies the allegations herein.

     3.     Denied.

     4.     Denied.

     5.     Denied.

     6.     The above paragraph does not contain factual allegations to which a response is required, but rather sets forth a legal conclusion. To the extent a response is required, DIRECTV admits that the case has been brought as a class action and denies the remainder of the paragraph.

     7.     Denied.

## II. PARTIES

     8.     The paragraph seeks information that is not within DIRECTV's possession, custody, or control and thus DIRECTV denies the paragraph for lack of knowledge.

     9.     The paragraph seeks information that is not within DIRECTV's possession, custody, or control and thus DIRECTV denies the paragraph for lack of knowledge.

     10.     The paragraph seeks information that is not within DIRECTV's possession, custody, or control and thus DIRECTV denies the paragraph for lack of knowledge.

     11.     The paragraph seeks information that is not within DIRECTV's possession, custody, or control and thus DIRECTV denies the paragraph for lack of knowledge.

     12.     Admitted.

## III. JURISDICTION & VENUE

     13.     Admitted.

14.     DIRECTV admits that Plaintiffs contend they were West Virginia residents when they received the calls at issue. Except as so admitted, the remainder of the paragraph is denied.

## IV. STATUTORY BACKGROUND

15.     DIRECTV is not able to speak to the intentions of Congress in enacting the TCPA and thus denies the allegations of this paragraph for lack of knowledge.

16.     DIRECTV admits that the TCPA includes provisions that allowed for the establishment of the national do-not-call list. DIRECTV lacks sufficient information to admit or deny whether this portion of the TCPA is the "most well-known aspect" and thus denies that portion of the paragraph for lack of knowledge. DIRECTV denies that adding a telephone number to the National Do Not Call Registry prevents a consumer from receiving all forms of telephone solicitations. Except as so admitted, DIRECTV denies the allegations of this paragraph.

17.     DIRECTV states that this paragraph does not contain factual allegations, but rather characterizes legal authority and therefore no response is required. To the extent a further response is required, denied.

18.     DIRECTV states that this paragraph does not contain factual allegations, but rather characterizes legal authority and therefore no response is required. To the extent a further response is required, DIRECTV denies that this paragraph accurately classifies the prohibitions of the TCPA.

19.     DIRECTV states that this paragraph does not contain factual allegations, but rather characterizes legal authority and therefore no response is required. To the extent a further response is required, DIRECTV denies that this paragraph accurately characterizes the prohibitions of the TCPA.

20.     DIRECTV states that this paragraph does not contain factual allegations, but rather describes legal authority and therefore no response is required. To the extent a further response is required, DIRECTV denies that this paragraph accurately describes the prohibitions of the TCPA and denies that class treatment is appropriate in this matter.

## V. FACTUAL ALLEGATIONS

**A.     DirecTV has a history of illegal telemarketing, and at least twice assured the FTC it would monitor and control its authorized dealers.**

21.     Denied.

22.     DIRECTV admits that as part of a cooperative and negotiated settlement, it was sued in the cases of *United States v. DIRECTV Inc., et al.,* No. 05-1211 (C.D. Cal. Dec. 12, 2005) and *United States of America vs. DIRECTV, Inc. et al,* No. 09-02605 (C.D. Cal. April 23, 2009) and states further that the records of the proceedings are public documents which speak for themselves. Except as so admitted, DIRECTV denies the allegations herein.

23.     DIRECTV admits that as part of a cooperative and negotiated settlement, it was sued in the case *United States v. DIRECTV Inc., et al.,* No. 05-1211 (C.D. Cal. Dec. 12, 2005) and states further that the records of the proceedings are public documents which speak for themselves including a non-admission of guilt or liability. Except as so admitted, DIRECTV denies the allegations herein.

24.     Denied.

25.     DIRECTV admits that as part of a cooperative and negotiated settlement, it was sued in the case *United States of America vs. DIRECTV, Inc. et al,* No. 09-02605 (C.D. Cal. April 23, 2009) and that the records of the proceedings are public documents which speak for

themselves, including a non-admission of guilt or liability. Except as so admitted, DIRECTV denies the allegations herein.

26.     DIRECTV admits that as part of a cooperative and negotiated settlement, it was sued in the cases of *United States v. DIRECTV Inc., et al.,* No. 05-1211 (C.D. Cal. Dec. 12, 2005) and *United States of America vs. DIRECTV, Inc. et al,* No. 09-02605 (C.D. Cal. April 23, 2009) and states further that the records of the proceedings are public documents which speak for themselves. DIRECTV denies the allegations herein to the extent they are inconsistent with the public settlement.

**B.     ACI Becomes a DIRECTV authorized dealer and immediately begins to telemarket**

27.     DIRECTV admits that its affiliate AT&T Services Inc. entered into a certain Preferred Dealer Agreement dated June 9, 2017 with AC1 Communications. It further admits that although not the signing party for AC1, Adam Cox served in a managerial role at AC1.

28.     DIRECTV admits that its affiliate at the time, AT&T Services, Inc., entered into a certain Preferred Dealer Agreement dated June 9, 2017 with AC1 Communications. That contract speaks for itself. DIRECTV admits, however, that the contract allowed AC1 to market DIRECTV services, to solicit orders, to process orders, and to obtain credentials to access certain DIRECTV materials. Except as so admitted, the remainder of the paragraph is denied.

29.     DIRECTV admits that its affiliate at the time, AT&T Services, Inc., entered into a certain Preferred Dealer Agreement dated June 9, 2017 with AC1 Communications. That agreement speaks for itself and provides DIRECTV with certain termination rights. Except as so admitted, the remainder of the paragraph is denied.

30.     DIRECTV admits that Mr. Cox worked for North Kentucky Satellites at one time prior to his employment with AC1. Except as so admitted, the remainder of the paragraph is denied.

31.     The paragraph seeks information that is not within DIRECTV's possession, custody, or control and thus DIRECTV denies the paragraph for lack of knowledge.

**C.     AC1 begins placing calls to sell DirecTV using an ATDS.**

32.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1.

33.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1.

34.     Denied.

35.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1.

36.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1.

6

37.     Denied.

38.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1.

39.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

40.     Denied for the reasons set forth in the Court's ruling on DIRECTV's motion to dismiss.

41.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1, or that AC1 acted on DIRECTV's behalf in engaging in any such conduct.

42.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV further denies that it authorized or approved any telemarketing engaged in by AC1, or that AC1 acted on DIRECTV's behalf in engaging in any such conduct.

**D.      Plaintiff Diana Mey receives calls and commences this action, giving DirecTV actual notice of AC1's telemarketing.**

7

43.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

44.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

45.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

46.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

47.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

48.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

49.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

50.     Denied.

51.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

52.     Admitted.

53.     Denied on the grounds that the date of service was January 11, 2018.

**E.      Despite actual notice that AC1 was using telemarketing, DirecTV allowed AC1 to continue selling DirecTV, which led to more illegal telemarketing to the Plaintiffs and class members.**

54.     DIRECTV admits that it terminated its contract with AC1 in January of 2019. Except as so admitted, the remainder of the paragraph is denied.

55.     Denied.

56.     Denied.

57.     Denied.

*AC1 places illegal calls to David and Roxy Vance*
*in June and November of 2018*

58.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

59.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

60.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

61.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

62.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV denies, however, that the alleged equipment meets the TCPA definition of an ATDS, for the reasons set forth in the Court's ruling on DIRECTV's motion to dismiss.

63.     Denied.

64.     Denied.

*ACI places an illegal call to Plaintiff*
*Russell Locke in November 2018*

65.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

66.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

67.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV denies, however, that the alleged equipment meets the TCPA definition of an ATDS, for the reasons set forth in the Court's ruling on DIRECTV's motion to dismiss.

68.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph as AC1. DIRECTV admits that it has not located any records indicating Locke gave it prior express consent to receive calls.

*AC1 places an illegal call to Thomas Stark*
*in November 2018*

69.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

70.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph.

71.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph. DIRECTV denies, however, that the alleged equipment meets the TCPA definition of an ATDS, for the reasons set forth in the Court's ruling on DIRECTV's motion to dismiss.

72.     The allegations of this paragraph do not relate to the actions of DIRECTV, but rather allege acts performed by a third-party. DIRECTV thus lacks sufficient information to admit or deny the allegations of this paragraph as to AC1. DIRECTV admits that it has not located any records indicating Locke gave it prior express consent to receive calls.

**F.     DirecTV is vicariously liable for illegal telemarketing calls made on its behalf by AC1 to Plaintiffs and class members.**

11

73.     Denied.

74.     Denied.

75.     DIRECTV admits that independent retailers are authorized to make limited use of DIRECTV's trademarks and trade name while attempting to sell DIRECTV services, as described in their contracts with DIRECTV. Except as so admitted, the remainder of the allegations of this paragraph are denied.

76.     Denied.

77.     DIRECTV admits that AC1 received commissions from DIRECTV when it made sales of DIRECTV's services. DIRECTV further admits that AC1 was eligible, from time to time, to participate in certain cost-sharing associated with marketing DIRECTV products. DIRECTV further admits that AC1's door-to-door sales team was educated on AT&T and/or DIRECTV services, but denies this included any telemarketing training. The remainder of the paragraph is denied.

78.     Admitted that DIRECTV's third-party independent authorized dealers have limited access to certain DIRECTV internal systems to submit orders from customers for DIRECTV. The remainder of the allegations of this paragraph are denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

## VI. CLASS ACTION ALLEGATIONS

84.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that Plaintiff have alleged an appropriate class definition, and denies that class certification is appropriate in this matter.

85.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

86.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

87.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

88.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

89.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

90.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

91.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

92.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

93.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

94.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further

14

response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

95.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

96.     The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, DIRECTV denies the allegations of this paragraph, denies that the above is an appropriate class definition, and denies that class certification is appropriate in this matter.

## VII. LEGAL CLAIMS

### Count One:
### Violation of the TCPA's provisions prohibiting
### autodialed calls to cell phones

97.     DIRECTV incorporates its responses to the allegations from all previous paragraphs as if fully set forth herein.

98.     The allegations in this paragraph relate to a count that has been dismissed by the Court and thus no response is required.

99.     The allegations in this paragraph relate to a count that has been dismissed by the Court and thus no response is required.

### Count Two:
### Violation of the TCPA's Do Not Call provisions

100.     DIRECTV incorporates its responses to the allegations from all previous paragraphs as if fully set forth herein.

15

101.  Denied.

102.  Denied.

## ADDITIONAL DEFENSES

As for its affirmative defenses, and without assuming any burden that it would not otherwise have, DIRECTV states as follows. DIRECTV reserves the right to assert additional defenses upon discovery of further information regarding Plaintiffs' claims and upon the development of other relevant information.

## FIRST ADDITIONAL DEFENSE

The damages sought are excessive and in violation of the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## SECOND ADDITIONAL DEFENSE

One or more members of the putative class lack standing to maintain the instant causes of action.

## THIRD ADDITIONAL DEFENSE

Plaintiffs or one or more members of the putative class gave prior express consent to receive the telephone calls at issue in this case.

## FOURTH ADDITIONAL DEFENSE

All the claims, in whole or in part, of Plaintiffs or one or more members of the putative class are subject to mandatory arbitration because they are DIRECTV customers.

## FIFTH ADDITIONAL DEFENSE

All of the claims constitute an undue burden on speech and thus violate the First Amendment of the United States Constitution.

16

## SIXTH ADDITIONAL DEFENSE

DIRECTV is not vicariously liable for any calls made by an independent authorized dealer because no agency relationship exists between DIRECTV and any independent authorized dealer.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff has failed to join a party that was required to be joined under Federal Rule of Civil Procedure 19.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's injuries and damages, and those of the members of the putative classes, if any, were caused solely by the acts and/or omissions of third parties and not by DIRECTV.

## NINTH ADDITIONAL DEFENSE

The claims asserted are barred, in whole or in part, because DIRECTV has established and implemented with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

## TENTH ADDITIONAL DEFENSE

Plaintiff or one or more members of the putative class have an established business relationship with DIRECTV or its affiliates.

DATED: September 1, 2021

Respectfully submitted,


/s/ Danielle M. Waltz
Danielle M. Waltz (WVSB #10271)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
Telephone: (304) 340-1000

Email: dwaltz@jacksonkelly.com

Hans J. Germann (*admitted pro hac vice*)
Kyle J. Steinmetz (*admitted pro hac vice*)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Email: hgermann@mayerbrown.com
Email: ksteinmetz@mayerbrown.com

18

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

### Wheeling Division

DIANA MEY,
DAVID and ROXY VANCE,
RUSSELL LOCKE, and THOMAS STARK,
individually and on behalf of a class of all
persons and entities similarly situated,
        Plaintiffs,

v.

DIRECTV, LLC,

        Defendant.

Case No.: 5:17-cv-00179-JPB

### <u>CERTIFICATE OF SERVICE</u>

I, Danielle M. Waltz, counsel for Defendant DIRECTV, LLC, hereby certify that on this 1st day of September, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Danielle M. Waltz
Danielle M. Waltz (WVSB #10271)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
Telephone: (304) 340-1000
Email: dwaltz@jacksonkelly.com

19