## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**Wheeling Division**

**DIANA MEY and
DAVID and ROXY VANCE,
individually and on behalf of a class of all
persons and entities similarly situated,**

      **Plaintiffs,**

**vs.**                                            **Case No. 5:17-cv-00179-JPB**

**DIRECTV, LLC,**

      **Defendant.**

### Plaintiff Diana Mey's Unopposed Motion to Dismiss
### and Request for an Indicative Ruling Under Rule 62.1(a)

Pursuant to Federal Rule of Civil Procedure 41(a)(2) and an Order from the Court of Appeals for the Fourth Circuit, Plaintiff Mey moves unopposed to dismiss her claim with prejudice and vacate the Court's underlying order denying DirecTV's motion to compel arbitration (ECF No. 202).  Under Rule 62.1(a), Plaintiff requests an indicative ruling that, if the Fourth Circuit were to remand, this Court would grant a Plaintiff Mey's motion to voluntarily dismiss her claim with prejudice and that the Court would vacate its decision that was the subject of DirecTV, LLC's appeal. *See Mey v. DirecTV, LLC*, No. 21-1274, ECF No. 55 (4th Cir. Jan. 6, 2022) (denying Plaintiff's motion to dismiss the pending appeal and suggesting Plaintiff first seek an indicative ruling under Rule 62.1 on a motion to voluntarily dismiss her claim). Counsel for DirecTV indicated that it does not oppose Mey's motion to dismiss her claim, and the parties agree that vacatur of the Court's order denying arbitration is appropriate under *Munsingwear*. This approach will most efficiently extinguish satellite litigation and allow the parties and the

1

Court to focus on the merits of the only remaining claim—whether DirecTV is vicariously liable for its agent's violation of the TCPA's Do-Not-Call provisions.

Plaintiff Diana Mey is the subject of a pending appeal of the Court's order denying DirecTV's motion to compel arbitration. ECF No. 202. Because the pending appeal divests this Court of jurisdiction over her claim, it may not enter a final order with respect to Ms. Mey. *See Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction."); *see also* Fed. R. App. P. 42(a) (reserving in the district court the jurisdiction to dismiss an appeal only until the appeal is docketed by the circuit clerk).

However, Federal Rule of Civil Procedure 62.1(a) authorizes the Court to indicate how it would rule on such a motion if it had jurisdiction.  Specifically, Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Fourth Circuit ordered that Plaintiff "Mey shall notify this court" under Rule 62.1(b), "[i]f the district court states that it would grant that motion upon remand or that the motion raises a substantial issue." *Mey v. DirecTV, LLC*, No. 21-1274, ECF No. 55 (4th Cir. Jan. 6, 2022).[1]

Plaintiff Mey's claim must be dismissed, and this motion does not raise a substantial issue.  Mey alleged a single claim in Count I – that DirecTV violated the TCPA by initiating calls to her cellular phone using an automatic telephone dialing system ("ATDS"). Fourth Am.

---

[1] The litigation of Ms. Mey's claim alone has been stayed pending the resolution of DirecTV's interlocutory appeal of this Court's order denying DirecTV's motion to compel arbitration. *See* ECF No. 212 at 3 & n.1.

Compl. ¶¶ 97–99, ECF No. 209.  Because the Court dismissed Count I with prejudice as to all other Plaintiffs (ECF No. 238), Ms. Mey's identical claim must also be dismissed with prejudice under this Court's prior ruling as law of the case. *MacDonald v. Moose*, 710 F.3d 154, 161 n. 10 (4th Cir.), cert. denied, ––– U.S. –––, 134 S.Ct. 200 (2013) ("[T]he doctrine of law of the case restricts a court to legal decisions it has made on the same issues in the same case.").

Plaintiff Mey thus moves under Rule 41(a)(2) for an Order dismissing her claim with prejudice to streamline the inevitable and conserve the Court's and the parties' resources.[2] Dismissal with prejudice would put Ms. Mey on the same footing and subject her identical ATDS claim to the same ruling as the other Plaintiffs. And this simple application of the Court's prior ruling does not raise a "substantial issue." But, because the Court lacks jurisdiction, it may only at this time enter an indicative ruling to that effect under Rule 62.1.  For that reason, Ms. Mey requests a ruling from the Court stating that, under Rule 62.1, it would dismiss Ms. Mey's claim with prejudice just as it did for all other Plaintiffs who alleged the identical claim.  *See* Fed. R. Civ. P. 62.1(a)(3), (b); Fed. R. App. P. 12.1(a).

Additionally, as a result of the dismissal of Plaintiff Mey's claim, the parties are aligned in the conclusion that vacatur of the order denying arbitration is appropriate under *Munsingwear*. Plaintiff thus requests an indicative ruling that the Court would also vacate its Order denying DirecTV's motion to compel arbitration. ECF No. 202. Vacatur is appropriate both legally and functionally because Ms. Mey's claims have become moot by virtue of this Court's intervening

---

[2] This path will allow for the proper resolution of procedural issues that will simplify the matters before the Court. Specifically, once Ms. Mey is dismissed, the Vance Plaintiffs will move to amend the complaint to (1) add a class representative for the extant claim (Count II, alleging violation of the National Do Not Call laws), and (2) drop the dismissed ATDS claim (presently Count I) and the five dismissed plaintiffs, including Mey.  But the Vance Plaintiffs can only do this once Ms. Mey is dismissed and the Court has jurisdiction.

ruling that the ATDS claims stated in the Fourth Amended Complaint fail to state a claim for relief under Rule 12(b)(6) in the wake of the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid,* 141 S. Ct. 1163 (2021) (ECF No. 238). On appeal, DirecTV has asserted it is entitled to vacatur of this Court's arbitration decision under *United States v. Munsingwear, Inc.*, if the appeal is to be dismissed. *See* 340 U.S. 36, 39 (1950) ("The established practice . . . in dealing with a civil case from a court in the federal system which has become moot while" on appeal "is to reverse or vacate the judgment below.").  The Supreme Court emphasized that it should be the general practice of appellate courts to "vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which . . . was only preliminary.'"  *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (alteration in original) (quoting *Munsingwear*, 340 U.S. at 40 (1950)); *see also Timmins v. Narricot Indus., L.P.*, 360 F. App'x 419, 422 (4th Cir. 2010) ("Here, the case did not become moot as a result of any type of agreement between the parties, but rather as a result of the final adjudication by the Board. Consequently, in light of *Alvarez*, we grant the Board's request for vacatur.").

For these reasons, Plaintiff Mey requests an indicative ruling that the Court would dismiss Plaintiff Mey's claim with prejudice and vacate its order denying DirecTV's motion to compel arbitration.  A proposed order granting the motion is attached.

Dated:  January 31, 2022

Plaintiffs,

By Their Counsel,


/s/ John W. Barrett
John W. Barrett
Jonathan R. Marshall
Sharon F. Iskra
Benjamin Hogan

BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com
bhogan@baileyglasser.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P.
MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02111
Telephone: (617) 738-7080
Ted@Broderick-law.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiffs*

5

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

### Wheeling Division

**DIANA MEY and**
**DAVID and ROXY VANCE,**
**individually and on behalf of a class of all**
**persons and entities similarly situated,**

      **Plaintiffs,**

**vs.**                                                **Case No. 5:17-cv-00179-JPB**

**DIRECTV, LLC,**

**Defendant.**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st of January 2022, a copy of **Plaintiff Diana Mey's Unopposed Motion to Dismiss and Request for an Indicative Ruling Under Rule 62.1(a)** was filed using CM/ECF, the Court's electronic notification system, which provided notice to all counsel of record.

                                          */s/ John W. Barrett*
                                          John W. Barrett