IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**Wheeling Division**

DAVID and ROXY VANCE, and
CARLA SCHULZ, individually and
on behalf of a class of all persons
and entities similarly situated,

      Plaintiffs,

vs.                                          Case No. 5:17-cv-00179-JPB

DIRECTV, LLC,

      Defendant.

**Plaintiffs' Memorandum Regarding
the Court's *in camera* Review[1]**

### Introduction

Plaintiffs have reviewed the more than 1400 privilege entries on DirecTV's privilege logs in an effort to limit the number of documents for *in camera* review. In doing so, Plaintiffs have eliminated all entries referring to (a) pending litigation, (b) anticipated litigation, (c) court filings, and (d) TCPA "policies and procedures" that do not, based on DirecTV's review, relate to individual telemarketing complaints or dealer investigations. By doing so, Plaintiffs have reduced the number of documents in more than half to approximately 650 documents. Plaintiffs recognize this is still a large number, but given the scope of potentially relevant documents, believe it is warranted and appropriate.

---

[1] Plaintiffs submit this memorandum as permitted by the Court's February 24, 2022 Order, ECF 277.

## Review Criteria

DirecTV's "safe harbor" affirmative defense requires DirecTV to prove that illegal calls made by its alleged agent, DirecTV authorized dealer AC1, were made "in error," and that "as part of its routine business practice" DirecTV "has established *and implemented* written procedures to comply with the national do-not-call rules" and has "trained its personnel" in those procedures. 47 C.F.R. § 64.1200(c)(2).

*United States v. Dish Network, LLC*, 283 F.R.D. 420 (C.D. Ill. 2012), where the Court ordered purportedly privileged compliance documents produced where the defendant asserted a safe harbor defense, provides the criteria for the Court's review. *See generally* Pls.' Reply Mem. (ECF 270) at 4-8 (discussing *Dish*).

Plaintiffs propose the Court review the documents to determine if they fit into one or of three categories derived from the *Dish* decision:

a. **Category One – compliance and investigation**. Documents regarding attorneys' "active[] participation in monitoring compliance" and "investigat[ion] of consumer complaints" are "direct evidence" relevant to the safe harbor defense, and must be produced even if the attorneys provided legal advice in connection with the monitoring. *Dish,* 283 F.R.D. at 424.

b. **Category Two – litigation-related documents.** Privileged documents would include documents "prepared in anticipation of litigation or for trial" and those concerning "confidential legal advice relating to litigation." *Id.* at 425. By excluding from the privilege log those documents referencing pending litigation, Plaintiffs believe all documents that fit within this category are excluded from DirecTV's narrowed listing of privilege documents.

c. **Category Three – communications with outside counsel who did not perform monitoring functions.** These documents would retain the privilege. *Id.*

2

**DirecTV's Privilege Rationale Categories – Exhibits 1-4**

The narrowed set of documents on the privilege logs fall into the following general

categories, and the privilege logs are sorted according to these categories:

**Ex. 1      Documents withheld where "customer" is in the privilege rationale field of the
privilege log.**

Email communications sent to counsel concerning customer complaints may be

discoverable Category One documents – documents regarding attorneys' "active[] participation

in monitoring compliance" and "investigat[ion] of consumer complaints," which are "direct

evidence" relating to the safe harbor defense. *Id.*, 283 F.R.D. at 424. To capture these

documents, Plaintiffs have identified the documents referenced in DirecTV's filing as Exhibit 1;

each document includes the term "customer" in the privilege rationale field and is addressed to

DirecTV counsel.

While Plaintiffs of course do not know much about the content of these documents, they

may include documents of the sort admitted into evidence in another very similar case, *Krakauer

v. Dish Network, L.L.C.,* 2017 WL 2242952, *5 (M.D. N.C. May 22, 2017) ("We know that

[Dish's alleged agent and dealer] SSN is using autodialers and automessages. [SSN's owner] has

been warned time and again . . . that these activities could violate the law. Last time, Teranchi

[sic] blamed a "rogue employee," who he claimed was terminated, but the activities continue. . . .

SSN is a problem because we know what he is doing . . ."). This email was relevant because it

showed the defendant's knowledge of, and inaction regarding, complaints of illegal

telemarketing by its dealer. *Id.*

If withheld documents reflect DirecTV's similar knowledge of, and inaction regarding,

unlawful telemarketing, those documents would relate to DirecTV's safe harbor defense, and

should be produced.

3

**Ex. 2.       Documents withheld where "dealer" is in the privilege rationale field.**

To capture purportedly privileged documents concerning DirecTV's response to telemarketing complaints involving its dealers, Plaintiff identified the documents referenced in DirecTV'' filing as Exhibit 2; each document contains the word "dealer." As above, these documents may fit Category One, and, if so, should be produced.

**Ex. 3.       Documents where "policies" is in the privilege rationale field, which do not "concern or reference (1) a specific complaint about unwanted telemarketing calls, and (2) telemarketing from a particular dealer, lead-generator, or other entity promoting the sale of DirecTV subscriptions."**

Plaintiff has agreed with DirecTV that documents discussing TCPA policies need not be produced, unless they concern or reference (1) a specific complaint about unwanted telemarketing calls, and (2) telemarketing from a particular dealer, lead-generator, or other entity promoting the sale of DirecTV subscriptions. Those documents are listed in Exhibit 3 to DirecTV's submission. The intent here is to exclude from the Court's listing of documents to review those documents that relate generally to DirecTV's formulation of TCPA policies in general, but include any potential Category One documents that may relate to compliance and investigation functions performed by its attorneys.

**Ex. 4.       A single email chain concerning TCPA class actions.**

Exhibit 4 is a single email chain described as "confidential email communication from counsel, providing legal advice regarding TCPA class actions." This document would be discoverable and should be produced if it concerns or references a specific complaint about a dealer, lead-generator, or other entity involved in unwanted telemarketing, and if DirecTV's attorneys actively participated in monitoring or investigating a complaint referenced in the email.

Dated:  March 7, 2022

Plaintiffs,

By Their Counsel,

/s/ John W. Barrett
John W. Barrett
Jonathan R. Marshall
Sharon F. Iskra
Benjamin Hogan
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
siskra@baileyglasser.com
bhogan@baileyglasser.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02111
Telephone: (617) 738-7080
Ted@Broderick-law.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**Wheeling Division**

**DAVID and ROXY VANCE, and
CARLA SCHULZ, individually and
on behalf of a class of all persons
and entities similarly situated,**

     **Plaintiffs,**

**vs.**                                      **Case No. 5:17-cv-00179-JPB**

**DIRECTV, LLC,**

     **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March 2022, a copy of **Plaintiffs' Memorandum Regarding the Court's *in camera* Review** was filed using CM/ECF, the Court's electronic notification system, which provided notice to all counsel of record.

                                        */s/ John W. Barrett*
                                        John W. Barrett