IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**Wheeling Division**

| | |
|---|---|
| DAVID and ROXIE VANCE, and CARLA SHULTZ, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DIRECTV, LLC, <br><br> Defendant. | Case No.: 5:17-cv-00179-JPB |

**DEFENDANT DIRECTV, LLC'S MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

DIRECTV respectfully requests leave to submit *Rombough v. Robert D. Smith Insurance Agency et al.*, Case No. 22-cv-15 (N.D. Iowa June 9, 2022) (ECF 23) (attached as Ex. A hereto) as supplemental authority in support of its opposition to plaintiffs' motion for class certification. *Rombough* supports DIRECTV's argument that the telemarketing prohibition in 47 C.F.R. § 64.1200(c) applies only to the subscriber who personally lists their number on the do not call registry, and further confirms that plaintiffs have failed to establish predominance.

The plaintiff in *Rombough* alleged that she received telemarketing calls from defendants even though her cell phone number was listed on the national do-not-call list. *Id.* at 2. Like plaintiffs here, she asserted that those calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5) and its implementing regulation, 47 C.F.R. § 64.1200(c). *Id.*

1

Critically, the plaintiff did not allege that she had *personally* listed her cell number on the do-not-call list. *Id.*

Defendants moved to dismiss the complaint based on the text of 47 C.F.R. § 64.1200(c), which proscribes telephone solicitations to "[a] residential telephone subscriber *who has registered* his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c) (emphasis added). The defendants argued that plaintiff's claim failed because she did not allege that *she*—as opposed to the prior owner of her phone number—listed the number on the do-not-call list. *Rombough*, ECF 23 at 3.

The court agreed and dismissed plaintiff's TCPA claim with prejudice. ECF 23. After interpreting its "plain language," the court determined that Section 64.1200(c) can only be violated when the "residential telephone subscriber *who has registered his or her telephone number* on the national do-not-call registry" receives the calls in question. *Id.* at 4 (emphasis in original). The court therefore held that the TCPA does not provide a cause of action for a residential telephone subscriber like the plaintiff "who has not registered his or her telephone number on the national do-not-call registry." *Id.* at 4-5.

*Rombough* underscores one reason why common issues do not predominate in this action. In opposition to plaintiffs' motion for class certification, DIRECTV advanced the very same argument that the *Rombough* court accepted: that under Section 64.1200(c), only a subscriber who personally lists their number on the do-not-call list can bring a TCPA claim.[1] *See* ECF 325

---

[1] In their reply brief, plaintiffs argued that DIRECTV's Section 64.1200(c) argument was in tension with *Krakauer v. Dish Network*, 925 F.3d 643 (4th Cir. 2019). *See* ECF 328 at 6-7. That argument is groundless. The *Krakauer* court did not address the specific argument DIRECTV makes here (and made by the defendants in *Rombough*) regarding the scope of Section 64.1200(c); it merely suggested that if a wife listed a residential number on the do-not-call list, her husband might be able to bring a TCPA claim if he subsequently answered a call to that number. *See Krakauer*, 925 F.3d at 657. The court had no occasion to decide whether

at 14-15. Accordingly, the only way to establish whether each putative class member has a valid TCPA claim is to conduct a mini-trial regarding, *inter alia*, whether the class member personally listed their number on the national-do-not-call list. *See* ECF 325 at 14-15. This fact-intensive individualized inquiry would overwhelm any common issues in this case.

Dated: July 15, 2022

Respectfully submitted,

*/s/ Laura A. Hoffman*
Danielle M. Waltz (WVSB #10271)
Laura A. Hoffman (WVSB #12748)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
Telephone: (304) 340-1000
Email: dwaltz@jacksonkelly.com
Email: laura.hoffman@jacksonkelly.com

Hans J. Germann (admitted *pro hac vice*)
Kyle J. Steinmetz (admitted *pro hac vice*)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Email: hgermann@mayerbrown.com
Email: ksteinmetz@mayerbrown.com

Lauren R. Goldman (admitted *pro hac vice*)
Benjamin D. Bright (admitted *pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Email: lrgoldman@mayerbrown.com
Email: bbright@mayerbrown.com

---

someone who had no relationship with the listing party could assert a TCPA claim based on an alleged violation of Section 64.1200(c).

Pete Marketos (admitted *pro hac vice*)
Andrew Wirmani (admitted *pro hac vice*)
Brett S. Rosenthal (admitted *pro hac vice*)
REESE MARKETOS LLP
750 North Saint Paul Street Suite 600
Dallas, TX 75201
Telephone: (214) 382-9810
Email: pete.marketos@rm-firm.com
Email: andrew.wirmani@rm-firm.com
Email: brett.rosenthal@rm-firm.com

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**Wheeling Division**

| | |
|---|---|
| DAVID and ROXY VANCE, and CARLA SHULTZ, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC,<br><br>Defendant. | Case No.: 5:17-cv-00179-JPB |

**CERTIFICATE OF SERVICE**

I, Laura A. Hoffman, counsel for Defendant DIRECTV, LLC, hereby certify that on this 15th day of July, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Laura A. Hoffman
Laura A. Hoffman (WVSB #12748)