IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAVID VANCE, ROXIE VANCE,**
and **CARLA SHULTZ**, individually
and on behalf of a class of all
persons and entities similarly situated,

               Plaintiffs,

v.                                      CIVIL ACTION NO. 5:17-CV-179
                                             Judge Bailey

**DIRECTV, LLC,**

               Defendant.

## MEMORANDUM ORDER AND OPINION

Pending before this Court are defendant's Motion for Leave to File Amended Answer [Doc. 355], defendant's Motion to File Under Seal Certain Documents Relating to its Motion to Compel Arbitration [Doc. 364], defendant's Motion to Compel Arbitration and Modify the Class Definition [Doc. 365], plaintiffs' Motion for Reconsideration [Doc. 367], and defendant's Motion to Stay [Doc. 379].  Having been fully briefed, this Court will address each Motion in turn.

**I.**    **Defendant's Motion for Leave to File Amended Answer**

    **A.**    **Background**

Originally, this case was brought on December 11, 2017, on behalf of a sole plaintiff residing in West Virginia.  See [Doc. 1 at ¶7].  Plaintiffs subsequently amended their complaint several times.  The third amended complaint added three new named plaintiffs:

1

Craig Cunningham, Stewart Abramson, and James Shelton–none of whom lived in West Virginia. See [Doc. 179 at 3]. Subsequently, defendant moved to dismiss those named plaintiffs for lack of personal jurisdiction. [Doc. 184 at 8–11]. This Court granted that Motion in part. See [Doc. 199]. Defendant then filed its first answer. See [Doc. 201]. Despite preserving numerous affirmative defenses with respect to putative class members, defendant did not mention a personal jurisdiction defense in its answer.

On July 3, 2021, with leave of this Court, plaintiffs filed a fourth amended complaint. See [Doc. 209]. This complaint narrowed the claims and the classes to only calls made by AC1 on behalf of defendant, reflected the dismissal of several plaintiffs and numerous defendants, incorporated factual information obtained in discovery, and amended allegations regarding AC1's use of an automatic telephone dialing system ("ATDS") after the Supreme Court of the United States' decision in **Facebook, Inc. v. Duguid**, 141 S.Ct. 1163 (2021). See [Docs. 207, 208 & 209].

In light of **Duguid**, defendant moved to dismiss plaintiffs' ATDS claim under Rule 12(b)(6). See [Doc. 212]. This Court granted defendant's motion, dismissing Count I (the ATDS claim and corresponding class) from the fourth amended complaint. See [Doc. 238]. Defendant then filed its second answer. See [Doc. 239]. Again, defendant asserted and preserved at least five affirmative defenses as to the putative class members. [Id. at 16–17]. Therein, defendant did not preserve an affirmative defense under Rule 12(b)(2).

The parties continued to pursue discovery and litigate defendant's appeal of this Court's Order denying the motion to compel arbitration of plaintiff Mey's claim. Ultimately,

because Ms. Mey's only claim (calls made using an ATDS) would be moot on remand under the Court's prior ruling, this Court indicated it would grant plaintiff's motion to voluntarily dismiss Ms. Mey's claim and vacate the Order that was the subject of the appeal. *See* [Doc. 264]. The Fourth Circuit then remanded the case for that limited purpose. *See* [Doc. 266]. On February 22, 2022, this Court granted plaintiffs' unopposed motion to dismiss Ms. Mey and vacated its prior ruling on arbitration. *See* [Doc. 269].

The same day, plaintiffs moved to file the operative fifth amended complaint, which dropped the dismissed Count I and corresponding class, dropped the named plaintiffs who only alleged ATDS claims, and added Ms. Shultz as a plaintiff and class representative. *See* [Doc. 272]. This Court granted plaintiffs' motion, and on February 23, 2022, plaintiffs filed the now operative fifth amended complaint. *See* [Docs. 274 & 275]. Defendant then filed its third answer and asserted and preserved at least five affirmative defenses as to the putative class members. *See* [Doc. 285 at 14–15]. Therein, defendant did not preserve an affirmative defense under Rule 12(b)(2). [Id.].

On April 11, 2022, plaintiffs moved to certify the nationwide class of people that has been included in every version of the complaint to which defendant has filed an answer. [Doc. 301]. On June 10, 2022, defendant opposed class certification. *See* [Doc. 325]. Therein, defendant argued that this Court lacked personal jurisdiction over putative class members. [Id. at 25]. The subject Motion followed.

**B.     Discussion**

Defendant argues it should be permitted to add the affirmative defense of lack of personal jurisdiction over putative class members to its answer. *See* [Doc. 356 at 2]. In support, defendant avers that the proposed amendment would not prejudice plaintiffs, and that the addition of the defense is sought in good faith. [Id. at 3]. Additionally, defendant contends that the proposed amendment is not futile as the matter arises in a "continuously evolving and hotly debated legal landscape[.]." [Id.].

In response, plaintiffs argue against the proposed amendment by contending defendant fails to satisfy the good cause standard for amendment under Rule 16(b) and Local Rule 16.01(f). [Doc. 363 at 1]. Further, plaintiffs assert that by litigating this case for years without challenging personal jurisdiction in responsive pleadings, defendant has waived its personal jurisdiction defense. [Id.]. In the alternative, plaintiffs argue that even if the defense was not waived, this Court should deny the amendment based on futility. [Id. at 2].

Defendant reasserts its position concerning amendment in its reply briefing. *See* [Doc. 370].

This Court agrees with defendant. With respect to plaintiff's argument under Rule 16(b), this Court finds the same to fail for two distinct reasons. First, the Rule is inapplicable. Defendant's proposed amendment could not have been governed by the deadline in the operative scheduling order because the basis for the proposed amendment did not arise until this Court certified this case as a class action on August 1, 2022. As a consequence, the liberal amendment standards of Rule 15(a) apply here, instead. *See* [Doc. 356 at 5–8]. Moreover, even if this Court were to apply Rule 16(b), defendant's proposed amendment

4

would still satisfy the good cause standard contained therein. This is so because defendant sought leave for the proposed amendment during the same month its new defense became legally cognizable. Furthermore, it appears to this Court that plaintiffs will not suffer any apparent prejudice by this amendment merely because it was proposed two days prior to the close of fact discovery. Rather, plaintiffs do not need more discovery to defend against a purely legal personal jurisdiction defense relating to putative class members.

Concerning waiver, this Court is not persuaded by plaintiffs' argument. Defendant's personal jurisdiction defense as to absent class members first became available when this Court certified a nationwide class on August 1, 2022. It was at that point when those individuals became class members and therefore parties to this case. As cited by defendant, the "argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*" is "surely erroneous." *Smith v. Bayer Corp.*, 564 U.S. 299, 313–15 (2011) (internal citations omitted) (emphasis in original). Instead, "[c]ertification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power." *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (quoting *In re Checking Account Overdraft Litig.*, 780 F.3d 1233, 1245 (11th Cir. 2015)). As such, only at the time of this Court's certification order did the putative class members became parties to this action, only at that time did they seek this Court's personal jurisdiction over their claims, and only at that time did defendant's personal jurisdiction defense become legally viable. Accordingly, the defense was not waived. *See Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983) ("defendants do not waive the defense of personal jurisdiction *if it was not available at the time they made their first*

5

*defensive move.*") (emphasis in original); **Moser v. Benefytt, Inc.**, 8 F.4th 872, 877–78 (9th Cir. 2021) (finding defendant "did not have 'available' a Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members who were not yet parties to the case" because "putative class members are not before the court at the Rule 12 stage.").

Finally, this Court does not find defendant's proposed amendment to be clearly insufficient or frivolous on its face. See **Johnson v. Oroweat Foods Co.**, 785 F.2d 503, 510 (4th Cir. 1986). Defendant's personal jurisdiction argument against out-of-state class members is now the subject of its Rule 23(f) petition pending in the Fourth Circuit, and is the subject of debate by various circuits. Accordingly, this Court will grant the Motion for Leave to File Amended Answer.

## II. Defendant's Motion to File Under Seal Certain Documents Relating to its Motion to Compel Arbitration

Defendant's Motion to File Under Seal Certain Documents Relating to its Motion to Compel Arbitration will be granted.

## III. Defendant's Motion to Compel Arbitration and Modify the Class Definition

This Court will defer its ruling on defendant's Motion to Compel Arbitration and Modify the Class Definition for the reasons contained in Section V of this Opinion.

## IV. Plaintiff's Motion to Reconsider Order Staying Case

Plaintiffs request this Court to reconsider its September 14 Order staying this litigation pending the outcome of defendant's arbitration appeal and its Rule 23(f) petition. *See* [Doc. 367 at 1]. Plaintiffs contend that lifting the stay would streamline this litigation because it would permit this Court to address defendant's Motion for Leave to File Amended Answer

and defendant's Motion to Compel Arbitration and Modify the Class Definition. [Id. at 1–2].

While this Court agrees to lift the stay *solely* for the purposes of addressing defendant's Motion for Leave to File Amended Answer as it has done herein, this Court declines to lift the stay to address defendant's Motion to Compel Arbitration and Modify the Class Definition for the reasons contained in Section V of this Opinion. To that extent, plaintiffs' Motion to Reconsider Order Staying Case will be granted in part and denied in part.

## V.     Defendant's Motion to Stay Decision on its Motion to Compel Arbitration

Defendant requests this Court to decline from entering any dispositive ruling on its Motion to Compel Arbitration pending the outcome of its current appeal from the denial of its motion to compel plaintiff Carla Shultz's claims to arbitration. *See* [Doc. 366]. Indeed, this Court has already stayed proceedings. Plaintiffs moved to reopen proceedings to allow this Court to resolve the pending Motion to Compel Arbitration, as well as the pending Motion for Leave to File Amended Answer. In support of plaintiffs' requests in these regards, they asserted that defendant's pending Rule 23(f) petition was no reason to put off resolving the arbitration issues because (1) "the Court of Appeals is unlikely to grant the Rule 23(f) petition" and (2) "DIRECTV would almost certainly lose" even if the petition were to be granted. In fact, plaintiffs made the very same arguments in urging the Fourth Circuit to deny the Rule 23(f) petition. *See* **Vance v. DIRECTV, LLC**, No. 22–250, at [Doc. 12] (4th Cir. Aug. 26, 2022).

However, the Fourth Circuit **did** grant the Rule 23(f) petition. Based on that fact, this Court finds it must refrain from ruling on the Motion to Compel Arbitration for several reasons. First, this Court now lacks jurisdiction to rule on the Motion to Compel while the class-certification order is on appeal because of the intertwined aspects of the class-certification

order with the pending Motion to Compel Arbitration. As indicated by defendant, an interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal." ***Griggs v. Provident Consumer Discount Co.***, 459 U.S. 56, 58 (1982). Courts therefore refuse to modify class-certification orders following the grant of Rule 23(f) review. *See **Amaya v. DGS Constr., LLC***, 2019 WL 1501584 (D. Md. Jan. 28, 2019) (Chuang, J.). This, however, is exactly what defendant requested as a remedy for its Motion to Compel Arbitration–an order modifying the class definition to exclude class members who agreed to arbitrate their claims or, alternatively, decertifying the class due to the individualized issues. This motion cannot be resolved presently because these remedies would undoubtedly "alter the status of the case as it rests before the court of appeals." *See **Doe v. Public Citizen***, 749 F.3d 246, 259 (4th Cir. 2014).

Further, even if this Court had jurisdiction on this issue, it may lose the power to issue or enforce its order if it were to resolve the Motion to Compel Arbitration at this juncture. Given the appellate posture of this litigation, the Fourth Circuit will now decide whether absent class members can join the case in the first place–***an issue that necessarily precedes any request to arbitrate with absent class members***. If this Court were to compel claims of absent class members to arbitration, and if the Fourth Circuit were to reverse or vacate the underlying class-certification order, the decision on appeal could retroactively invalidate this Court's order on the Motion to Compel Arbitration. For these reasons, this Court will defer its ruling on the Motion to Compel Arbitration, and defendant's request for deferral will be granted.

## CONCLUSION

For the reasons contained herein, defendant's Motion for Leave to File Amended Answer **[Doc. 355]** is **GRANTED**. Defendant's Motion to File Under Seal Certain Documents Relating to its Motion to Compel Arbitration **[Doc. 364]** is **GRANTED**. Defendant's Motion to Compel Arbitration and Modify the Class Definition **[Doc. 365]** is **DEFERRED** pending resolution of the case pending before the Fourth Circuit. Plaintiffs' Motion for Reconsideration **[Doc. 367]** is **GRANTED IN PART AND DENIED IN PART**, and defendant's Motion to Stay Decision on its Motion to Compel Arbitration **[Doc. 379]** is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: November 9, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**