**VANCE V. DIRECTV**
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

ELECTRONIC SERVICE REQUESTED

This is a Court-ordered legal Notice from U.S District Court for the Northern District of West Virginia about a Class Action Settlement.

**Telephone calling records show you may have received sales calls from a DIRECTV dealer.**

**Complete a Claim Form and you can get an estimated minimum cash payment of $324. The estimated average cash payment is over $460.**

*Please visit www.DIRECTVClassActionSettlement.com or call _____ for addtional information.*

<<refnum barcode>>
Postal Service Please do not mark barcode or Cover Barcode

Notice ID: <<refnum>>
Login Pin<<Login in>>

<<FullName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

Vance v. DIRECTV, LLC, Case No. Case No. 5:17-CV-179, United States District Court, Northern District of W. Va.

**If your claim is valid and submitted by July 31, 2023, you can receive an estimated minimum cash payment of $324. The estimated average cash payment is over $460.**

DIRECTV, LLC has settled a class action for $16.85 million that claimed that its Ohio-based dealer AC1 made telemarketing calls to people whose numbers were on the National Do Not Call Registry, without consent. DIRECTV denies that it is responsible for the calls and denies all liability. The Court has not decided who should win the case.

You are included in the Settlement if your telephone number is one of 113,997 known numbers that received calls. You are receiving this postcard because records show your name is associated with a phone number that received allegedly illegal calls. You do not have to remember having received the calls.

**Options:** You have four options: (1) Submit a claim for payment by completing the enclosed Claim Form. You can also submit the claim online at **www.DIRECTVClassActionSettlement.com**. (2) OR object to the Settlement if you do not like it. (3) OR send a letter asking to be excluded from the class. You will not get any money, but you will keep any rights to sue DIRECTV for the same legal issues in the lawsuit. (4) OR do nothing. If you do nothing, you won't get any money and will lose any rights to sue DIRECTV for the same legal issues in this lawsuit.

This card only provides limited information about the lawsuit and your rights as a Settlement Class Member.

Please visit **www.DIRECTVClassActionSettlement.com** or call _____ for more information.

BRM
POSTAGE
PAID

Vance v. DIRECTV
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10126-2876

*Carefully separate at perforation*

<<refnum barcode>>
 Notice ID: <<refnum>>
 Login Pin: <<LoginPin>>

QR CODE
GOES
HERE

Please scan the QR code above to file your claim electronically.

**Vance v. DIRECTV**
**Case No. 5:17-CV-179**
**CLAIM FORM**
**This Claim Form MUST be submitted by <<date>>.**

If different than the preprinted data on the left, please print your correct information:

_____  ___  _____
First Name                                          MI    Last Name

_____
Address

_____  ___  ___  ___ ___ ___ ___
City                                                        State       ZipCode

<<FullName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

Telephone number on which call(s) were received: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

Did you or someone in your household own the telephone number listed above in approximately 2017-2018?

_____ YES   _____ NO (If you answered NO, you are not eligible to receive a payment.)

You may contact the Claims Administrator at <TFN> or by email at info@DIRECTVClassActionSettlement.com.

To obtain additional information, you may visit the website at: www.DIRECTVClassActionSettlement.com

By signing, you affirm that the information is correct to the best of your knowledge.

Signature: _____   Date of signature: ___ ___ / ___ ___ / ___ ___ ___ ___

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

DAVID and ROXIE VANCE,
and CARLA SHULTZ, individually
and on behalf of a class of all
persons and entities similarly situated,

Case No. 5:17-cv-00179-JPB

      Plaintiffs,

vs.

DIRECTV, LLC,

      Defendant.

### AMENDED PRELIMINARY APPROVAL ORDER

Plaintiffs David and Roxie Vance and Carla Shultz have moved for preliminary approval of a proposed class action settlement which would resolved Plaintiffs' claims brought under the Telephone Consumer Protection Act, 47 U.S.C. 7 227, *et* seq. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto, the Court *GRANTS* preliminary approval of the Settlement, finding specifically as follows:[1]

#### I. Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

#### II. Certification of Settlement Class

2. Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

All persons within the United States (a) whose telephone numbers were listed on the Do Not Call Registry, and (b) who received more than one telemarketing call within any twelve-month period from AC1. The Settlement Class encompasses only those persons associated with the 113,997 telephone numbers listed on Exhibit G to the Expert Report of Anya Verkhovskaya. Dkt. 301-6. Excluded from the Settlement Class are: (a) any judge who may preside over this case and (b) Defendant as well as any parent, subsidiary, affiliate or control person of Defendant.

### III.     Class Representatives and Class Counsel

3.     The Court preliminarily appoints Plaintiff David and Roxie Vance and Carla Shultz as Class Representatives.

4.     Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> John W. Barrett
> Benjamin Hogan
> BAILEY & GLASSER LLP
> 209 Capitol Street
> Charleston, WV 25301
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>
> Edward Broderick
> BRODERICK LAW, P.C.
> 176 Federal Street, Fifth Floor
> Boston, Massachusetts 02110
>
> Anthony Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043

## IV. Rule 23 Requirements

5. The Court preliminarily finds that the requirements of Rule 23(e)(1)(B) have been satisfied in that: (a) the class representatives and class counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor approval of the Settlement Agreement; (ii) Class Counsel and the class representatives have proposed an effective method of distributing relief to the Settlement Class and have proposed a routinely approved method for processing class-member claims; (iii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treat all class members equitably relative to each other as class members' identical claims are treated identically.

6. As the Court previously found in its Order Granting Motion for Class Certification (Dkt. 341), and its original Preliminary Approval Order (Dkt. 390), the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a) <u>Numerosity</u>: The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c) <u>Typicality</u>: The claims of the Representatives Plaintiffs are typical of the claims of the Settlement Class they seek to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d) <u>Adequate Representation</u>: The Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e) <u>Predominance of Common Issues</u>: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this

Settlement.

## V. Preliminary Approval of the Settlement

8. Pursuant to the Settlement Agreement, the Defendants have agreed to pay $16,850,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representatives will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representatives' awards, and the costs of notice and administration are deducted.

9. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

## VI. Notice and Administration

10. The Court appoints Kroll Settlement Administration, LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11. The Court has carefully considered the notice program set forth in the Settlement Agreement, and the revised Mail Notice submitted with Plaintiffs' Unopposed Motion to Amend Preliminary Approval Order. The Court finds that the notice program constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The notice states in clear and concise language: (i) the nature of the

action; (ii) the definition of the class certified; (iii) the class claims, issues and defenses; (iv) that a class member may enter an appearance through an attorney if the Settlement Class Member desires; (v) that the Court will exclude from the Settlement Class any class member who requests exclusion; (vi) sets a clear time and manner for requesting exclusion; and (vii) clearly explains the binding effect of a class judgment on members under Rule 23(c)(3).

12. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement and the revised Mail Notice (with revisions thereto as needed to increase claims) submitted with Plaintiffs' Unopposed Motion to Amend Preliminary Approval Order. The Settlement Administrator shall cause the Notice Plan to be completed on or before **June 6, 2023**, Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

13. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

## VII. Exclusion and "Opt-Outs"

14. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

15. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **August 7, 2023** by the Settlement Administrator at the address

specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

16. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

17. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

18. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VIII.  Objections

19. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representatives must submit to Class

Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representatives only if, on or before **August 7, 2023**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

20. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for compensation awards to the Class Representatives will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

21. Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement

Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

### IX.     Final Approval Hearing

22. A Final Approval Hearing will be held before the Court on **August 24, 2023 at 2:00 p.m.** for the following purposes:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the application for compensation awards to the Class Representatives;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. Within forty-five (45) days of the Notice Deadline, Class Counsel shall serve a motion for an award of attorneys' fees and expenses and for a compensation awards to the Class Representatives.

24. Within seventy-five (75) days of the Notice Deadline, Class Counsel shall file and

serve a motion for final approval.

25. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

26. For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Completed by:** | **June 6, 2023** |
| **Motion for Attorneys' Fees and Costs Deadline** | **June 22, 2023** |
| **Objection/Exclusion Deadline:** | **August 7, 2023** |
| **Claim Deadline:** | **August 7, 2023** |
| **Final Approval Submissions:** | **August 14, 2023** |
| **Final Approval Hearing:** | **August 24, 2023 at 2:00 p.m.** |

27. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## X. Further Matters

28. All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

29. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further

force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

30.    The Court also acknowledges that DIRECTV appealed from the Court's order granting Plaintiffs' motion for class certification, in which the Court decided that it had jurisdiction over all the absent class members and that Plaintiffs had satisfied all the requirements of Rule 23. The Fourth Circuit never determined whether that decision was correct. Accordingly, in the event the Settlement Agreement is terminated for any reason, DIRECTV may make whatever arguments it could have made before the Settlement Agreement, including that this Court lacks jurisdiction over absent class members who lack connections to West Virginia and that no class should have been certified. Plaintiffs may not use the fact of the Settlement or this Order against DIRECTV in any way if further litigation becomes necessary.

31.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: May 22, 2023

_____
Hon. John Preston Bailey
United States District Court