# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

Wheeling Division

DAVID and ROXIE VANCE and
CARLA SHULTZ, individually
and on behalf of a class of all
persons and entities similarly situated,

    Plaintiffs,

vs.                                                                                          Case No. 5:17-cv-00179-JPB

DIRECTV, LLC,

    Defendant.

**DECLARATION OF JOHN W. BARRETT IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

1. I am a partner at Bailey & Glasser LLP. I have served as the firm's President and head of our contingent practice, so I am very familiar with our firm's time and expense tracking, and with our hourly rates, including hourly rates used to determine lodestar for attorneys' fee crosscheck purposes. I have served as one of the lead counsel for the Plaintiffs in this case.

2. I have extensive class action experience. I have handled and won class action, mass action, and individual plaintiff jury trials in federal and state court, and successfully argued appeals to uphold verdicts won in those cases. My firm has the resources to fund and prosecute this case to a successful conclusion. Some of my cases include:

- *Krakauer v. Dish Network, L.L.C.,* No. 1:14-cv-00333, M.D. N.C. (five-day TCPA jury trial and a treble damages award for a certified class, resulting in $61.3 million judgment, *affirmed* 925 F.3d 643 (4th Cir. 2019));

- *Hankins v. Alarm.com Incorporated and Alarm.com Holdings, Inc.,* No. 4:15-cv-06314, N.D. Cal. (settled TCPA class action for $28 million);

- *In re Monitronics TCPA Litig.,* MDL No. 2493, N.D. W.Va. (appointed MDL Co-Lead Counsel; $28 million TCPA class action settlement);

- *Mey v. Patriot Payment Group, LLC,* No. 5:15-cv-00027, N.D. W.Va. ($3.7 million

1

- settlement in TCPA class action);

- *Mey v. Venture Data, LLC,* No. 5:14-cv-00123, N.D. W. Va. ($2.1 million TCPA class action settlement);

- *Mey v. Frontier Communications Corp.*, No. 3:13-01191, D. Conn. ($11 million nationwide TCPA settlement);

- *Generic Drug Litigation (State of West Va. v. Rite Aid of West Va.*, No. 09-C-27; and *State of West Va. v. CVS Pharmacy, Inc.,* No. 09-C-226 (Circuit Court of Boone County, West Virginia) (as Special Assistant Attorney General, won settlements of more than $10 million in *parens patriae* consumer protection litigation);

- *Carter v. Forjas Taurus SA et al.*, No. 1:13-CV-24583, S.D. Fla. (class counsel for product liability class action against Brazilian pistol manufacturer; settlement provides for the free exchange of defective pistols for new pistols (unlimited by any claims period), or cash payments of up to $30 million for returned pistols; total value of settlement $240 million);

- *Desai v. ADT Security,* No. 11-C-1925, N.D. Ill. ($15 million TCPA settlement for nationwide class);

3. I believe the $16,850,000 settlement in this case is truly outstanding. While the precise amount is not yet known, if 20% of class members submit valid claims, and if the Court awards the requested attorneys' fees and costs, the average cash payment to claiming class members will be $460. There are 113,997 class members, and they received a total of 324,943 calls. Every class member received at least two calls, and some received more. The average class member received 2.85 calls.

4. Class Counsel have received no payment for their fees and costs. Since beginning work on this case my firm worked with no guarantee of being compensated for its time and efforts. Payment of my fees has always been contingent on successfully obtaining relief for the Plaintiffs and class members. As a result, there was a substantial risk of non-payment, particularly in light of the legal challenges involved in litigating this case. Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees. I have also been denied use of the fees it earned over the course of this case.

2

5.  The lodestar does not include the work Class Counsel will do after completion of this motion, which will include working with the settlement administrator, preparing the motion for final approval and attending the hearing, and communicating with class members.

6.  My firm spent 3,135.25 hours in attorney and paralegal time on this case, yielding a lodestar of $1,612,707.50. I am familiar with the billing rates for attorneys and paralegals with similar experience, particularly with expertise in matters arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and my firm's billing rates are reasonable and consistent with the rates of attorneys and paralegals of similar experience and qualification, and have been used by us in other cases, both contingent and hourly.

7.  Our reasonable and necessary costs for items including court fees, expert witness services ($74,944.28), appellate counsel fees to Gupta Wessler, PLLC and Hissam Forman Donovan Ritchie, PLLC for work on DirecTV's multiple appeals ($41,666), transcripts, document hosting, travel, lodging, and mediation fees, total $176,433.25.

8.  As is attested to by the declarations submitted by my co-counsel, collectively, Class Counsel spent 4,997.75 attorney and paralegal hours, yielding a lodestar of $3,020,362.50. Class Counsel's collective total costs were $330,975, in line with the anticipated costs of approximately $300,000 referenced in the Notice.

9.  Each Plaintiff devoted significant time to this action, assisting us in developing the facts underlying the amended complaint in this action, making their initial disclosures, responding to request for documents, and answering interrogatories. Each Plaintiff sat for a deposition, and each was prepared to attend trial should the case have proceeded to trial. Without their willingness to file suit, no recovery would have been possible.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS THIS 22nd DAY OF JUNE, 2023

*/s/ John W. Barrett*
John W. Barrett

4