# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

Wheeling Division

DAVID and ROXIE VANCE and
CARLA SHULTZ, individually
and on behalf of a class of all
persons and entities similarly situated,

    Plaintiffs,

vs.                                            Case No. 5:17-cv-00179-JPB

DIRECTV, LLC,

    Defendant.

## DECLARATION OF EDWARD A. BRODERICK

I, Edward A. Broderick, declare as follows:

1.     I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age, am competent to testify and make this affidavit on personal knowledge. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards. In this declaration I will describe the work that I and my co-counsel have done in identifying and investigating potential claims in the action and set forth my qualifications. I will also describe my experience in representing plaintiff classes in class actions brought under the 47 U.S.C. § 227, the Telephone Consumer Protection Act. ("TCPA").

2.     I have been involved in every stage of representing Plaintiffs in this case, from pre-trial investigation, analysis of Plaintiffs' potential claims, witness interviews, review of documents and discovery responses as well as depositions, motion practice, oral arguments, work on the four appeals filed in this action by DirecTV, mediation and settlement negotiations.

3.     In my experience litigating cases under the TCPA, the Settlement in this case represents an excellent result for the class, and merits final approval from the Court.

1

4.  Plaintiffs David and Roxie Vance and Carla Schultz devoted significant time to this action, assisting their counsel in developing the facts underlying the amended complaint in this action, as well as making their initial disclosures, responding to request for documents (and producing those documents) as well as answering interrogatories. Plaintiff all sat for depositions in the action. Without Plaintiffs' efforts both in documenting the source of the telemarketing in this action and their willingness to file suit, no recovery would have been possible.

5.  Class Counsel have received no payment for their fees and costs. Since beginning work on this case my firm worked with no guarantee of being compensated for its time and efforts. Payment of my fees has always been contingent on successfully obtaining relief for the Plaintiffs and class members. As a result, there was a substantial risk of non-payment, particularly in light of the legal challenges involved in litigating this case. Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees. I have also been denied use of the fees it earned over the course of this case.

6.  The lodestar does not include the work Class Counsel will do after completion of this motion, which will include working with the settlement administrator, preparing the motion for final approval and attending the hearing, and communicating with class members.

7.  My firm spent 603.7 attorney hours prosecuting Plaintiffs' claims. Billed at my hourly rate of $800 and $550 for Mr. Paronich for the portion of the case when he was a partner in my firm (my Paronich is also attesting to his hours spent after his departure from my firm in a separate declaration), my firms hours yield a lodestar of $472,385. I am familiar with the billing rates for attorneys with similar experience, particularly with expertise in matters arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and my billing rate and that is reasonable and is consistent with the rates of attorneys of similar experience and qualification. My firm additionally incurred $64,294.85 in reasonable and necessary expenses in the litigation,

2

including expert witness charges of $18,438.22, deposition expenses, travel, appellate counsel fees to Gupta Wessler of $26,668, mediator fees and court charges.

## QUALIFICATIONS OF COUNSEL

8. I am a 1993 graduate of Harvard Law School. Following graduation from law school, I served as a law clerk to the Honorable Martin L.C. Feldman, United States District Judge in the Eastern District of Louisiana.

9. Following my clerkship, from 1994 to December 1996, I was an associate in the litigation department of Ropes & Gray in Boston, where I gained class action experience in the defense of a securities class action, *Schaeffer v. Timberland*, in the United States District Court in New Hampshire, and participated in many types of complex litigation.

10. From January 1997 to March 2000, I was an associate with Ellis & Rapacki, a three-lawyer Boston firm focused on the representation of consumers in class actions.

11. In March 2000, I co-founded the firm of Shlansky & Broderick, LLP, focusing my practice on complex litigation and the representation of consumers.

12. In 2003, I started my own law firm focusing exclusively on the litigation consumer class actions.

13. A sampling of other class actions in which I have represented classes of consumers and been appointed class counsel follows:

i. *In re General Electric Capital Corp. Bankruptcy Debtor Reaffirmation Agreements Litigation,* (MDL Docket No. 1192) (N.D. Ill) (nationwide class action challenging reaffirmation practices of General Electric Capital Corporation, settlement worth estimated $60,000,000.)

ii. *Hurley v. Federated Department Stores, Inc., et al*, USDC D. Mass. Civil Action No. 97-11479-NG (nationwide class action challenged bankruptcy reaffirmation practices of Federated Department Stores and others; $8,000,000 recovery for class.)

3

iii. *Valerie Ciardi v. F. Hoffman LaRoche, et al*, Middlesex Superior Court Civil Action No. 99-3244D, (class action pursuant to Massachusetts Consumer Protection Act, M.G.L. c. 93A brought on behalf of Massachusetts consumers harmed by price-fixing conspiracy by manufactures of vitamins; settled for $19,600,000.)

iv. *Shelah Feiss v. Mediaone Group, Inc, et al*, USDC N. District Georgia, Civil Action No. 99-CV-1170, (multistate class action on behalf of consumers; estimated class recovery of $15,000,000--$20,000,000.)

v. *Mey v. Herbalife International, Inc.*, Ohio County Circuit Court (West Virginia), Civil Action No. 01-cv-263. $7,000,000 TCPA class action settlement granted final approval on February 5, 2008 following the grant of a contested class certification motion.

vi. *Mulhern v. MacLeod d/b/a ABC Mortgage Company*, Norfolk Superior Court (Massachusetts), Civil Action No. 05-01619-BLS. TCPA class settlement of $475,000 following the grant of a contested class certification motion, granted final approval by the Court on July 25, 2007.

vii. *Evan Fray-Witzer, v. Metropolitan Antiques, LLC*, Suffolk Superior Court (Massachusetts), Civil Action No. 02-5827-BLS. After the grant of a contested class certification motion, a companion case went to the Massachusetts Supreme Judicial Court, which issued a decision finding insurance coverage. *See Terra Nova Insurance v. Fray-Witzer et. al.*, 449 Mass. 206 (2007). There was then a TCPA class settlement of $1,800,000 which was granted final approval.

viii. *Shonk Land Company, LLC v. SG Sales Company*, Circuit Court of Kanswaha County (West Virginia), Civil Action No. 07-C-1800 TCPA class settlement for $2,450,000, final approval granted in September of 2009.

ix. *Mann & Company, P.C. v. C-Tech Industries, Inc.*, USDC, D. Mass., Civil Action No. 1:08-CV-11312-RGS, TCPA class settlement of $1,000,000, final approval granted in January of 2010.

x. *Evan Fray Witzer v. Olde Stone Land Survey Company, Inc.*, Suffolk Superior Court (Massachusetts), Civil Action No. 08-04165. TCPA class settlement $1,300,000 granted final approval on February 3, 2011.

xi. *Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC,* USDC, D. Mass., Civil Action No. 1:09-cv-11261-DPW. TCPA class settlement of $1,800,000, final approval granted August 17, 2011.

xii. *Collins v. Locks & Keys of Woburn, Inc..*, Suffolk Superior Court (Massachusetts), Civil Action No. 07-4207-BLS2, TCPA class settlement of $2,000,000 following the granting of a contested class certification motion, granted final approval on December 14, 2011.

xiii. *Brey Corp t/a Hobby Works v. Life Time Pavers, Inc.*, Circuit Court for Montgomery

4

|      | |
|------|---|
|      | County (Maryland), Civil Action No. 349410-V, TCPA class settlement of $1,575,000 granted final approval in March of 2012. |
| xiv. | *Collins, et al v. ACS, Inc. et al*, USDC, D. Mass., Civil Action No. 10-CV-11912, TCPA class settlement $1,875,000 granted final approval on September 25, 2012. |
| xv.  | *Desai and Charvat v. ADT Security Services, Inc.*, USDC, ND. Ill., Civil Action No. 11-CV-1925, TCPA class settlement of $15,000,000 granted final approval on June 21, 2013. |
| xvi. | *Benzion v. Vivint,* 0:12cv61826, USDC S.D.Fla., settlement of $6,000,000 granted final approval in February of 2015. |
| xvii. | *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, USDC, D. MD, Civil Action No. 11-CV-02467, TCPA class settlement of $4,500,000 granted final approval on February 12, 2015. |
| xviii. | *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, USDC, D. MD., Civil Action No. 13-cv-00662, TCPA class settlement of $8,500,000 granted final approval on April 15, 2015. |
| xix. | *Charvat v. AEP Energy, Inc.,* USDC, ND. Ill., 1:14-cv-03121, TCPA class settlement of $6,000,000 granted final approval on September 28, 2015. |
| xx.  | *Mey v. Interstate National Dealer Services, Inc.*, USDC, ND. Ga., 1:14-cv-01846-ELR, TCPA class settlement of $4,200,000 granted final approval on June 8, 2016. |
| xxi. | *Philip Charvat and Ken Johansen v. National Guardian Life Insurance Company*, USDC, WD. WI., 15-cv-43-JDP, TCPA class settlement for $1,500,000 granted final approval on August 4, 2016. |
| xxii. | *Bull v. US Coachways, Inc.*, USDC, ND. Ill., 1:14-cv-05789, TCPA class settlement finally approved on November 11, 2016 with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against defendant's insurance carrier. |
| xxiii. | *Toney v. Quality Resources, Inc., Cheryl Mercuris and Sempris LLC, et al.*, USDC, ND. Ill., 1:13-cv-00042, TCPA class settlement of $2,150,000 was granted final approval on December 1, 2016 with one of three defendants, and an assignment of rights against defendant's insurance carrier. Second settlement on behalf of class against two remaining defendants of $3,300,000 granted final approval on September 25, 2018. |
| xxiv. | *Smith v. State Farm Mut. Auto. Ins. Co. , et. al.,* USDC, ND. Ill., 1:13-cv-02018, TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016. |
| xxv. | *Mey v. Frontier Communications Corporation*, USDC, D. Ct., 3:13-cv-1191-MPS, a |

TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

xxvi. *Biringer v. First Family Insurance, Inc.*, USDC, ND. Fla., a TCPA class settlement of $2,900,000 granted final approval on April 24, 2017.

xxvii. *Abramson v. Alpha Gas and Electric, LLC,* USDC, SD. NY., 7:15-cv-05299-KMK, a TCPA class settlement of $1,100,000 granted final approval on May 3, 2017.

xxviii. *Heidarpour v. Central Payment Co.*, USDC, MD. Ga., 16-cv-01215, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

xxix. *Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company,* USDC, SD. NY., 1:16-cv-03588-BCM, a TCPA class settlement of $3,250,000 granted final approval on February 27, 2018.

xxx. *Abramson v. CWS Apartment Home, LLC*, USDC, WD. Tex., 16-cv-01215, a TCPA class settlement of $368,000.00 granted final approval on May 19, 2017.

xxxi. *Charvat v. Elizabeth Valente, et al*, USDC, NDIL, 1:12-cv-05746, $12,500,000 TCPA settlement granted final approval on November 4, 2019, appeal pending.

xxxii. *Thomas Krakauer v. Dish Network, L.L.C.*, USDC MDNC, Civil Action No. 1:14-CV-333 on September 9, 2015. Following a contested class certification motion, this case went to trial in January of 2017 returning a verdict of $20,446,400. On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. (Dkt. No. 338). Affirmed on appeal, *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. May 20, 2019), *cert. denied. Dish Network, L.L.C. v. Krakauer,* 140 S.Ct. 676 (December 16, 2019).

xxxiii. *Mey v. Got Warranty, Inc., et. al.*, USDC, NDWV., 5:15-cv-00101-JPB-JES, a TCPA class settlement of $650,000 granted final approval on July 26, 2017.

xxxiv. *Mey v. Patriot Payment Group, LLC*, USDC, NDWV., 5:15-cv-00027-JPB-JES, a TCPA class settlement of $3,700,000 granted final approval on July 26, 2017.

xxxv. *Charvat and Wheeler v. Plymouth Rock Energy, LLC*, et al, USDC, EDNY, 2:15-cv-04106-JMA-SIL, a TCPA class settlement of $1,675.000 granted final approval on July 31, 2018.

xxxvi. *Fulton Dental, LLC v. Bisco, Inc.*, USDC, NDIL, 1:15-cv-11038. TCPA class settlement for $262,500 granted final approval on March 7, 2018

xxxvii. *Mey v. Venture Data, LLC and Public Opinion Strategies*, USDC, NDWV, 5:14-cv-123. Final approval of TCPA settlement granted on September 8, 2018.

xxxviii. *In Re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, USDC, NDWV, 1:13-md-02493-JPB-MJA, a TCPA class settlement of $28,000,000

  granted final approval on June 12, 2018.

xxxix. *Abante Rooter and Plumbing, Inc. v. Alarm.com, Inc.,* USDC, NDCA 4:15-cv-06314-YGR. TCPA class settlement of $28,000,000 granted final approval on August 15, 2019.

xl. *Abante Rooter and Plumbing, Inc. v. Allstate Insurance Company, et al*, USDC, NDIIL 1:15-cv-00925. TCPA class settlement of $10,500,000 granted final approval on August 15, 2019.

xli. *Kaiser v. CVS Pharmacy, Inc., et al*, USDC NDIL, 1:14-cv-03687, TCPA class settlement of $15,000,000 approved on January 30, 2020.

 PURSUANT TO 28 U.S.C. § 1746, I DECLARE SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS THIS 22$^h$ DAY OF JUNE, 2023 IN THE COMMONWEALTH OF MASSACHUSETTS.

            /s/ *Edward A. Broderick*
            Edward A. Broderick