

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

DAVID and ROXIE VANCE,
and CARLA SHULTZ, individually
and on behalf of a class of all
persons and entities similarly situated,

        Plaintiffs,

vs.

DIRECTV, LLC,

        Defendant.

Case No. 5:17-cv-00179-JPB

## FINAL APPROVAL ORDER

Plaintiffs David and Roxie Vance and Carla Shultz have moved for final approval of a proposed class action settlement which would resolve Plaintiffs' claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et* seq. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto, the Court *GRANTS* final approval of the Settlement, finding specifically as follows:[1]

### I.  Jurisdiction

1.  The Court finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II.  Certification of Settlement Class

2.  Under Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following "Settlement Class," consisting of:

> All persons within the United States (a) whose telephone numbers were listed on the Do Not Call Registry, and (b) who received more than one telemarketing call within any twelve-month period from AC1.  The Settlement Class encompasses

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

only those persons associated with the 113,997 telephone numbers listed on Exhibit G to the Expert Report of Anya Verkhovskaya.  Dkt. 301-6.  Excluded from the Settlement Class are: (a) any judge who may preside over this case and (b) Defendant as well as any parent, subsidiary, affiliate or control person of Defendant.

### III.   Class Representatives and Class Counsel

3.      The Court appoints Plaintiff David and Roxie Vance and Carla Shultz as Class Representatives.

4.      Under Rule 23(g), the following attorneys and firms are appointed as Class Counsel:

John W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Edward Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, Massachusetts 02110

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043

## IV.   Rule 23 Requirements

5.      The Court finds that the requirements of Rule 23(e)(1)(B) have been satisfied in that: (a) the class representatives and class counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor approval of the Settlement Agreement; (ii) Class Counsel and the class representatives have proposed an effective method of distributing relief to the Settlement Class and have proposed a routinely approved method for processing class-member claims; (iii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treat all class members equitably relative to each other as class members identical claims are treated identically.

6.      As the Court previously found in its *Order Granting Motion for Class* Certification (Dkt. 341), *Order Granting Preliminary Approval* (Dkt. 390) and *Amended Preliminary Approval Order* 392, the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby finds, in the specific context of the Class Settlement, that:

(a)      <u>Numerosity</u>:  The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)      <u>Commonality</u>:  There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

3

(c)     <u>Typicality</u>:  The claims of the Representatives Plaintiffs are typical of the claims of the Settlement Class they seek to represent.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d)     <u>Adequate Representation</u>:  The Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e)     <u>Predominance of Common Issues</u>:  The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f)     <u>Superiority of the Class Action Mechanism</u>:  The class action mechanism is ideally suited for treatment of the settlement of these matters.  Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.  Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     The Court further finds that:  (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this

Settlement.

## V.     Final Approval of the Settlement

8.     Pursuant to the Settlement Agreement, the Defendants have agreed to pay $16,850,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representatives will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representatives' awards, and the costs of notice and administration are deducted.

9.     Having considered the motion for final approval, Class Counsel's Motion for Award of Attorneys' Fees, Costs and Class Representative Service Awards, the Settlement Agreement, and the exhibits thereto, the Court finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, that the Settlement was reached after five years of hotly contested litigation, extensive discovery, certification of the case as a class action and with multiple appeals pending. The fairness and adequacy of the Settlement are supported by the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

10.     The adequacy of the Settlement is supported by the fact that the settlement requires DirecTV to pay $16,850,000 into a Settlement Fund for the benefit of the Settlement Class. Class Counsel estimate that each Settlement Class Member will receive approximately $ _411_, which is an amount exceeding other TCPA settlements approved across the country. *See, e.g., In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (granting final approval where each class member would be awarded $39.66); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358 at *10

(N.D. Cal. Aug. 29, 2014) (discussing range of acceptable TCPA settlements and approving $20.00 to $40.00 per claimant); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493–94 (N.D. Ill. 2015) ($30); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, 2014 WL 1309352, at *6 (N.D. Cal. Mar. 10, 2014) (approving settlement with payments estimated to be between $20 and $40; actual payments were $46.98); *Markos v. Wells Fargo Bank, N.A.*, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (approving settlement that provides a cash award of approximately $24.00 per class member, calling the settlement an "excellent result"); *Adams v. AllianceOne Receivables Mgmt.*, No. 08-cv-248 (S.D. Cal. Sept. 28, 2012) ($9 million for 6,079,411 class members, *see* Dkt. Nos. 109 at 10, 116 at 6, and 137). *See also Manouchehri v. Styles for Less, Inc.*, Case No. 14cv2521 NLS, 2016 WL 3387473, at *2, 5 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive either a $10 cash award or a $15 voucher). The amount is particularly adequate considering DirecTV's appeal of this Court's class certification order was pending at the time the settlement was reached.

11.     The Court finds that the notice to the Settlement Class was the best notice practicable under the circumstances, including individual notice to all individual notice to all acceptable. The record shows that notice has been given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order. The Notice Plan consisted of emailed and mailed notice along with digital publication notice. The Court finds that the notices disseminated pursuant to the Notice Plan were stated in concise, plain, easily understood language and described the nature of the action, the definition of the class certified, the class claims and defenses, that a class member may enter an appearance through counsel if the Settlement Class Member so desires, that any class member who requests exclusion will be excluded by the Court, the time and manner of requesting exclusion, as well as the binding

effect of a Class Judgment under Rule23(c)(3). The Notice satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

12.     The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement on behalf of the Parties, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

13.     In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties

14.     All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. A list of the individuals who excluded themselves from the Settlement Class is attached as Exhibit A to this Order.

15.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or

indication of any wrongdoing, fault or omission by Defendants or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

16.     The Court also acknowledges that DIRECTV appealed from the Court's order granting Plaintiffs' motion for class certification, in which the Court decided that it had jurisdiction over all the absent class members and that Plaintiffs had satisfied all the requirements of Rule 23. The Fourth Circuit never determined whether that decision was correct. Accordingly, in the event the Settlement Agreement is terminated for any reason, DIRECTV may make whatever arguments it could have made before the Settlement Agreement, including that this Court lacks jurisdiction over absent class members who lack connections to West Virginia and that no class should have been certified. Plaintiffs may not use the fact of the Settlement or this Order against DIRECTV in any way if further litigation becomes necessary.

17.     The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court

## VI.    Release.

18.    The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

19.    The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

20.    Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

21.    On and after the Effective Date, the Releasing Parties, on behalf of themselves and their respective heirs, executors, administrators, agents, attorneys, partners, successors, predecessors-in-interest, assigns, all those who claim through them or who assert or could assert claims on their behalf, and any customary or authorized users of their accounts or telephones shall be deemed to have released and forever discharged DIRECTV, LLC, AT&T Services, AT&T Mobility, their respective affiliates, and all Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of January 27, 2022, that arise out of or relate in any way to telemarketing calls from AC1 received by Settlement Class Members through the date of final approval.

9

22.     The foregoing release extends to claims that Plaintiffs and each Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the Settlement Agreement, but each of those persons expressly agree that, upon entry of the Final Approval Order, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Section 13.01 of the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

23.     Upon the Effective Date, Plaintiff and the Settlement Class Members will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 13.01 of the Settlement Agreement. Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

24.     The Releasing Parties will be deemed to have agreed and covenanted not to sue any Released Party with respect to any of the Released Claims and are forever enjoined and barred from doing so, in any court of law or equity, or any other forum.  The Releasing Parties are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in the Settlement.

**VII.     Attorneys' Fees, Expenses and Class Representative Awards**

25.     The Court approves payment of attorneys' fees to Class Counsel in the amount of $5,616,666 together with out-of-pocket attorneys' expenses incurred in prosecuting the action of $330,975. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Pursuant to Rule 23(h)(3) and 52(a), the Court makes the following findings of fact and conclusions of law regarding this fee award:

a.     It is appropriate to award fees as a percentage of the common fund established for the benefit of the Settlement Class. *Dijkstra v. Carenbauer*, No. 5:11–CV–00152, 2016 WL 6804980, at *4 (N.D. W.Va. July 12, 2016) (approving settlement and attorneys' fee application in consumer class action); *see also Muhammad v. Nat'l City Mortg., Inc.*, 2:07-0423, 2008 WL 5377783, at *6 (S.D. W.Va. Dec. 19, 2008) ("Where there is a common fund in a class settlement, application of a percentage method to calculate an attorney's fee award is now favored."); *Hoskins v. AB Resources, LLC*, 5:12–cv–78, 2014 WL 12756365, at *3 (N.D. W. Va. Nov. 17, 2014) ("The contingent or percentage method is now the preferred method to be used in determining attorneys' fees in a class action case").

b.     The approved fee represents one third of the Settlement Fund. The Court finds this amount reasonable considering the result Class Counsel obtained on behalf of the Settlement Class, negotiating a $16,850,000 settlement in a case involving substantial risk.

c.     Class Counsel used their expertise in TCPA litigation to prosecute this case. Class Counsel dedicated over 4,996.75 hours of attorney and paralegal time to this case over the course of six years. Class Counsel reports that their lodestar is $3,020,362.50, not including time recorded by legal assistants.

d.     Class Counsel prosecuted this case on a "contingency" basis meaning there was no guarantee they would recover anything for their efforts.

11

     e.     A lodestar crosscheck supports the requested fee. The $5,616,666 fee represents a 1.86 multiplier on Class Counsel's lodestar.

     26.     After considering past awards and awards throughout the country, the Court approves the following incentive awards David Vance:  $10,000; Roxie Vance $10,000; Carla Schultz: $10,000. The Court specifically finds the Incentive Awards to be reasonable in light of the service performed by Plaintiffs for the class and as partial reimbursement for the costs and expenses they incurred as named Plaintiffs. The Incentive Awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any Incentive Award will be reported as "other income" in Box 3 of Form 1099-MISC.

     27.     There were no objections to the Settlement.

     28.     The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable, and the case dismissed with prejudice.

     29.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2023

Hon. John Preston Bailey
United States District Court